IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CLEARLINE TECHNOLOGIES LTD. § | |
| § | |
| Plaintiff, § | |
| § | No. 4:11-cv-1420 |
| v. § | |
| § | JURY DEMANDED |
| COOPER B-LINE, INC. § | |
| COOPER INDUSTRIES PLC, and § | |
| COOPER TECHNOLOGIES § | |
| COMPANY, § | |
| Defendants. § | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant Cooper B-Line, Inc. files this answer to Plaintiff's complaint and asserts matters in avoidance and defense and a counterclaim against Plaintiff as follows:

## I. ANSWER AND SPECIFIC DENIALS

Defendant denies all allegations in Plaintiff's complaint unless otherwise explicitly admitted as follows with respect to the like-numbered paragraphs in the complaint.

1. Defendant admits that Plaintiff is a Canadian company. Defendant lacks sufficient information to admit or deny the other allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits that Defendant Cooper Industries plc is incorporated under the laws of Ireland. Defendant denies the remaining allegation in Paragraph 4.

5. Defendant admits that Plaintiff alleges claims under the trademark laws of the United States. Defendant admits that the Court has subject matter jurisdiction and

supplemental jurisdiction over the claims alleged by Plaintiff. Defendant admits that there is diversity of citizenship between the parties. Defendant lacks sufficient information to admit or deny whether the amount in controversy exceeds $75,000.

6. Defendant admits the allegations in Paragraph 6 as to Defendant Cooper B-Line.

7. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7.

8. Defendant admits that Plaintiff entered into a proprietary information agreement with Cooper B-Line, but states that the agreement is the best evidence of the undertakings of the parties. Defendant further admits that Clearline and B-Line had a verbal agreement that B-Line would be the exclusive distributor of Clearline C-Port products in the United States, but denies the allegations in the second sentence of Paragraph 8 to the extent they refer to any additional agreement on the part of B-Line.

9. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9.

10. Defendant admits the allegations in the first sentence of Paragraph 10. Defendant lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits that Cooper B-Line discontinued its purchase of C-PORT products. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that the photograph in Figure 1 appears to show DURA-BLOK and C-PORT product exemplars. Defendant admits that the Cooper B-Line DBP roof support has the specifications alleged and that the Cooper B-Line DBE products have the alleged product numbers. Defendant otherwise denies the allegations in Paragraph 14.

15. Defendant denies the allegations in the first sentence of Paragraph 15. Defendant admits the allegations in the second sentence of Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant incorporates the responses to paragraphs 1-16 into Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant incorporates the responses to paragraphs 1-22 into Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant incorporates the responses to paragraphs 1-25 into Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant incorporates the responses to paragraphs 1-28 into Paragraph 29.

30. Defendant admits the allegations in the first sentence of Paragraph 30. Defendant denies the allegations in the second and third sentences of Paragraph 30, except that it lacks sufficient information at the time of this answer to admit or deny whether it previously used the "C-PORT" mark in meta tags associated with its website.

31. Defendant denies the allegations in the first sentence of Paragraph 31. Defendant admits the allegations in the second sentence of Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant incorporates the responses to paragraphs 1-34 into Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant incorporates the responses to paragraphs 1-40 into Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant incorporates the responses to paragraphs 1-48 into Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant admits the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant incorporates the responses to paragraphs 1-56 into Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies that they have manufactured and sold virtually identical products, as alleged in Paragraph 62. Defendant lacks sufficient information to admit or deny the other allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Answering with respect to the prayer for relief, Defendant denies that Plaintiff is entitled to the relief requested in its prayer for relief following Paragraph 66.

## II. MATTERS IN AVOIDANCE AND DEFENSE

A. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

B. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

C. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

D. Plaintiff's claims are barred in whole or in part by the doctrines of equitable estoppel and acquiescence.

E. Plaintiff's claims are barred in whole or in part by the doctrine of descriptive fair use.

F. Plaintiff's claims are barred in whole or in part by the doctrine of privilege and justification.

G. Plaintiff's claims are barred in whole or in part by the terms of the contract between Plaintiff and Cooper B-Line.

H. Plaintiff's claims are barred in whole or in part by the statute of frauds.

I. Plaintiff's claims are barred in whole or in part because of the functionality of its alleged trade dress, the absence of any likelihood of confusion, and the lack of any distinctiveness.

J.   Plaintiff's claims of trade secret misappropriation are barred by the doctrine of prior disclosure.

K.   Plaintiff's claims are barred by the doctrines of anticipatory repudiation and prior breach.

L.   Plaintiff's claims are barred in whole or in part because it failed to satisfy the conditions precedent to establishing the existence of any proprietary information under the alleged Proprietary Information Agreement.

### III.   COUNTERCLAIM

1.   Counter-Plaintiff Cooper B-Line, Inc. ("Cooper B-Line") asserts the following counterclaim against Counter-Defendant Clearline Technologies Ltd. ("Clearline") pursuant to Rule 13 of the Federal Rules of Civil Procedure.

2.   The Court has supplemental jurisdiction over this counterclaim under 28 U.S.C. § 1367 and pendent venue over this counterclaim.

3.   From 2005 to April 2008, Clearline supplied certain roof top support products to Cooper B-Line for distribution in the United States. During this period, Cooper B-Line experienced numerous service problems with Clearline. Clearline was unable to supply its products to Cooper B-Line on a timely basis and unable to supply enough of its products to Cooper B-Line to satisfy the demand of Cooper B-Line's customers. Cooper B-Line repeatedly asked Clearline to resolve these issues and even attempted to assist Clearline so that it could do so. Nonetheless, Clearline's service deficiencies remained. In 2008, Cooper B-Line learned that, despite Clearline's inability to supply its products to Cooper B-Line, Clearline was supplying its products to another United States distributor in violation of its distribution agreement with Cooper B-Line.

4. In April 2008, Cooper B-Line terminated its relationship with Clearline and began selling its own roof top support products. Clearline then made false and disparaging statements of fact to others in the industry about Cooper B-Line's goods, services, and business. For example, on information and belief, Clearline falsely represented to others within the industry that Clearline had sued or was going to sue Cooper B-Line, that it had sued or was going to sue Cooper B-Line for patent infringement, that Clearline was going to force Cooper B-Line out of the business of selling roof top support products and/or that Cooper B-Line was not going to remain in the business of selling roof top products much longer. Clearline made these statements in the course of its business and to others within the industry served by both it and Cooper B-Line. Clearline's statements were willful and designed to cause confusion and misunderstanding as to the availability of Cooper B-Line's goods and services and the viability of its roof top support products business.

5. Clearline's disparagement of Cooper B-Line's goods, services, and business through the use of false representations is a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

6. Cooper B-Line has been and is likely to be damaged by Clearline's deceptive trade practices and therefore is entitled to and seeks injunctive relief, damages, costs, and attorneys fees as permitted under the Illinois Uniform Deceptive Trade Practices Act.

### IV. PRAYER

Defendant respectfully requests that the Court enter judgment that Plaintiff's claims are barred or that Plaintiff take nothing from its claims, that Defendant recover its

8

attorney's fees in defending against such claims, that Defendant recover appropriate injunctive relief, damages, costs, and attorneys' fees on its counterclaim, that Defendant have all other relief to which it is entitled.

                Respectfully submitted,

                /s/
                Robin L. Harrison
                Attorney-in-Charge
                State Bar No. 09120700
                Southern District No. 4556
                CAMPBELL HARRISON & DAGLEY L.L.P.
                4000 Two Houston Center
                909 Fannin Street
                Houston, TX 77010
                (713) 752-2332
                (713) 752-2330 (fax)

                ATTORNEYS FOR DEFENDANT
                COOPER B-LINE, INC.

Of Counsel:

John L. Dagley
State Bar No. 05310050
Southern District No. 12729
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX 77010
(713) 752-2332
(713) 752-2330 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept the notice as service of this document by electronic means.

/s/
Robin L. Harrison