IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC, and | § | |
| COOPER TECHNOLOGIES | § | |
| COMPANY, | § | |
| Defendants. | § | |

## COOPER INDUSTRIES PLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Cooper Industries plc ("Cooper plc") files this motion to dismiss Plaintiff's complaint against it for lack of personal jurisdiction, pursuant to Rule 12(b)(2), and for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

### I.    NATURE AND STAGE OF THE PROCEEDING

1.    This is an alleged trademark and trade dress infringement case in which Plaintiff purports to assert claims under federal and state law.  Cooper plc, one of the three Defendants named in the complaint, files this motion to dismiss for lack of personal jurisdiction and for failure to state a claim as its first responsive pleading.

### II.    MATTERS AT ISSUE; STANDARD OF REVIEW

2.    The first issue to be determined by the Court is whether Plaintiff's claims against Cooper plc should be dismissed for lack of personal jurisdiction because Cooper

plc does not have sufficient minimum contacts with the United States or Texas to provide such jurisdiction and because the assertion of jurisdiction over it would offend traditional notions of fair play and substantial justice. The standard of review for a motion to dismiss for lack of personal jurisdiction is de novo. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).

3.     The second issue to be determined is whether Plaintiff's complaint states a valid claim against Cooper plc under the standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ——U.S.——, 129 S. Ct. 1937 (2009). The standard of review for a motion to dismiss for failure to state a claim is *de novo*. *In re Southern Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008).

### III.   PLAINTIFF'S ALLEGATIONS AGAINST COOPER PLC

4.     In its complaint, Plaintiff Clearline Technologies Ltd. alleges that it manufactures and sells roof top support products, that its "C-PORT" trademark is registered with the United States Patent and Trademark Office and that it has acquired trademark rights in the trade dress of its allegedly distinctive roof top support products. Complaint, Docket No. 1, ¶¶ 9-11.

5.     Plaintiff alleges that, sometime after 2003, it entered into a "verbal agreement" with Defendant Cooper B-Line, Inc. ("Cooper B-Line") for the distribution of its roof top support products in the United States. Complaint ¶ 8. It alleges that, in April 2008, Cooper B-Line notified Plaintiff that it would no longer distribute Plaintiff's products in the United States. Complaint ¶ 13. Plaintiff alleges that, in or about July 2008, it became aware that Cooper B-Line was selling similar roof top support products

that it claims are confusingly similar to Plaintiff's products, sold through a catalog that is "virtually identical" to the catalog developed and used by Plaintiff, and that many of "Defendants'" products bear allegedly similar product identifiers and specifications. Complaint ¶ 14. Plaintiff alleges that Cooper plc is the registrant of the website www.cooperbline.com and that Cooper B-Line operates that website. Complaint ¶ 16. Plaintiff then concludes that both Cooper B-Line and Cooper plc used and continued to use Plaintiff's "C-PORT" mark in meta-tags associated with Cooper B-Line's website. Complaint ¶ 16.

6.     Plaintiff alleges multiple causes of action against the "Defendants," including (i) false designation of origin or sponsorship, false advertising and trade dress infringement under 15 USC § 1125(a), Complaint, Count 1; (ii) common law trade dress infringement, Complaint, Count 2; (iii) violations of the Illinois deceptive trade practices act, Complaint, Count 3; (iv) trademark infringement under 15 USC § 1114(a), Complaint, Count 4; (v) fraud, Complaint, Count 5; (vi) misappropriation of trade secrets, Complaint, Count 6; (vii) breach of contract, Complaint, Count 7; and (viii) intentional interference with prospective economic advantage, Complaint, Count 8.

7.     Plaintiff's only specific allegation against Cooper plc is that Cooper plc is the registrant of the www.cooperbline.com website that is operated by Cooper B-Line and that it has somehow then used Plaintiff's "C-PORT" mark in meta-tags associated with Cooper B-Line's website and infringed Plaintiff's trademark in violation of 15 USC § 1114(1). Complaint ¶¶ 16, 30.

IV.   **FACTS CONCERNING LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM AGAINST COOPER PLC**

8.      Cooper plc is a corporation organized under the laws of Ireland.  Exhibit A, Affidavit of Terrance V. Helz, ¶ 2.  Its corporate headquarters and registered address are located in Dublin, Ireland.  Aff. ¶ 2.  Cooper plc is not registered to do business in the state of Texas or the United States and does not have a registered agent in Texas.  Aff. ¶ 3.  Cooper plc is a holding company that indirectly owns the stock of Cooper U.S., Inc. Cooper U.S., Inc. is a Delaware holding company that owns the stock of Defendants Cooper B-Line and Cooper Technologies Company.  Aff. ¶ 6.  Cooper plc does not manufacture or distribute any products or sell or provide any services to customers located in Texas or the United States.  Aff. ¶ 5.  Cooper plc does not own or lease any real property in Texas, does not own any bank accounts in Texas, and does not pay taxes in Texas or the United States.  Aff. ¶ 4.  It does not have any non-executive officer employees in Texas.  Aff. ¶ 7.

9.      Cooper plc is not the registrant of Cooper B-Line's website.  Aff. ¶ 8.

## V.   ARGUMENT AND AUTHORITIES

**Lack of Personal Jurisdiction: Cooper plc Does Not Have Sufficient Contact With this Forum to be Subject to the Court's Jurisdiction**

10.     The Due Process Clause prevents Plaintiff from asserting jurisdiction over Cooper plc in this case.  An individual or entity has a "liberty interest in not being subject to the binding judgments of a forum of which he has established no meaningful 'contacts, ties or relations.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)(citation omitted).  The Supreme Court has admonished lower courts to exercise "great care and reserve…when extending our notions of personal jurisdiction into the

international field." *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 115 (1987)(quotation omitted).

11.     Before a court can exercise personal jurisdiction over a non-resident defendant, the defendant must have purposefully availed itself of the benefits and protections and protections of the foreign state's laws by establishing "minimum contacts" with the forum. *Int.'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant's contacts with the forum state must be such that it should "recently anticipate being haled into court". *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir., 1999). Additionally, the exercise of personal jurisdiction "cannot offend 'traditional notions of fair play and substantial justice.'" *Marathon Oil* at 295, quoting *Int'l Shoe Co.*, 326 U.S. 310, at 316.

12.     Courts may exercise personal jurisdiction over defendants on either of two bases: specific or general jurisdiction. A court may exercise specific jurisdiction when the defendant has "purposefully directed [its] activities at residence of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King,* 471 U.S. 461, at 472. (internal quotation marks and citations omitted); *Marathon Oil,* 182 F. 3d 291, at 295. If a court lacks specific jurisdiction, it may nonetheless exercise general jurisdiction if a defendant's contacts with the forum are "continuous, systematic and substantial." *Marathon Oil,* 182 F. 3d at 295; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). In the absence of either specific or general jurisdiction, the case must be dismissed for lack of personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)("personal

jurisdiction…is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication.")(citations omitted).   Once a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing personal jurisdiction over a defendant.  *Gundle Lining Constr. Corp. v. Adams Cty. Asphalt, Inc.,* 85 F. 3d 201, 204 (5th Cir. 1996).

13.     Plaintiff's only allegation of general jurisdiction as to Cooper plc is that "upon information and belief," Cooper plc's principal place of business is in Houston, Texas, or that its primary place of business is located in Texas.  However, as the attached affidavit makes clear, this Court should not assert general jurisdiction over Cooper plc, a foreign corporation that has no involvement in the facts of this case.  As shown by that same affidavit, Cooper plc is a corporation organized under the laws of Ireland, and its corporate headquarters and registered address are likewise located in Dublin, Ireland. Cooper plc is not registered to do business in Texas or in the United States and it does not have a registered agent in Texas.  Cooper plc is a holding company that indirectly owns the stock of Cooper U.S., Inc, a Delaware corporation.  Cooper U.S., Inc. is a holding company that owns the stock of Cooper B-Line and Cooper Technologies.  Further, Cooper plc does not lease or own any real property in Texas or in the United States, nor does it have bank accounts in Texas.  It does not manufacture or sell any products or provide any services to any customers in Texas or the United States. It does not pay taxes in Texas or in the United States.  Cooper plc does not have any non-executive officer employees in Texas or the United States.  Cooper plc plainly does not have "systematic and continuous contacts" with the state of Texas and, therefore, is not subject to general jurisdiction here.

14.    This Court lacks specific jurisdiction over Cooper plc because Plaintiff does not allege any act by Cooper plc within or directed toward Texas out of which Plaintiff's claims arise. *Calder v. Jones,* 465 U.S. 783, 789-90 (1984)(requiring tortious acts "expressly aimed" at the forum jurisdiction to establish specific jurisdiction); *Wien Air Alaska, Inc. v. Brandt*, 195 F. 3d 208, 212 (5th Cir. 1999)(same).   Indeed, as noted above, Plaintiff has not alleged a single fact that connects Cooper plc with any wrong allegedly committed in or directed toward Texas.   Additionally, Plaintiff's sole allegation of wrongful conduct by Cooper plc – use of Plaintiff's "C-PORT" trademark in the Cooper B-Line website allegedly registered by Cooper plc – is factually incorrect.   As the affidavit submitted with this motion shows, Cooper plc is not the registrant of the Cooper B-Line website.   Furthermore, even if there were a connection between Cooper plc and the Cooper B-Line website, the existence of the Cooper B-Line website is not sufficient to establish general or specific jurisdiction in Texas over Cooper plc. *See Mink v. AAAA Development LLC,* 190 F. 3d 333, 336 (5th Cir. 1999)(holding defendant's maintenance of a website that could be accessed from the forum state providing information about its products and services, printable mail-in order form, mailing address, email address and telephone number did not create grounds for the exercise of personal jurisdiction); *Jennings v. AC Hydraulic A/S,* 383 F. 3d 546, 549-50 (7th Cir. 2004) (same).

15.    Cooper plc is not subject to this Court's exercise of general or specific jurisdiction in this case.   It does not have "systematic and continuous contacts" with the state of Texas, nor has it participated in any activity related to Plaintiff's claims.   Cooper plc's motion to dismiss for lack of personal jurisdiction should be granted.

**Failure to State A Claim: A Plaintiff Must Plead Facts, Not Conclusions, Showing That It Is Entitled To Relief From Each Defendant.**

16.     Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ——U.S. ——, 129 S. Ct. 1937, 1949 (2009). "[I]t asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557).

17.     "[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Thus, a plaintiff must do more than plead the bare elements of its cause of action. *Id.* A "complaint must allege 'more than labels and conclusions,' " and " 'a formulaic recitation of the elements of a cause of action will not do' " *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir.2007) (quoting *Twombly,* 550 U.S. 544); *see also Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal,* 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly,* 550 U.S. at 557).  Instead, a complaint must include "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v.*

*Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (footnote omitted) (quoting *Twombly,* 550 U.S. at 555); *see also In re S. Scrap Material Co.,* 541 F.3d 584, 587 (5th Cir.2008) (quoting *Twombly,* 550 U.S. at 555), *cert. denied,* ─── U.S. ───, 129 S. Ct. 1669 (2009).

18.    "[A] complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts." *Bonner v. Specialized Loan Servicing LLC,* 2011 WL 1199998 *2 (D. Nev. 2011).  A plaintiff cannot collectively group a defendant along with other defendants in allegations that amount to no more than conclusions of law. *Watkins v. Kajima International Corp.,* 2011 WL 98592 *4 (M.D. Tenn. 2001).  Instead, a plaintiff must allege some specific act or omission by a defendant that demonstrates a plausible claim or entitlement to relief from that defendant. *Id.*

**Plaintiff Has Not Alleged A Claim Against Cooper plc.**

19.    The only specific act or omission alleged as to Cooper plc in Plaintiff's complaint is that Cooper plc is the registrant of the website www.cooperbline.com.  By Plaintiff's own allegation, however, that website is *operated* by Cooper B-Line, not Cooper plc.  From there, Plaintiff jumps to the conclusion that Cooper plc, despite the fact that it does not even allegedly operate the website, is using Plaintiff's trademark on the website.

20.    As an initial matter, Plaintiff's allegation that Cooper plc is the registrant of the website is factually erroneous.  Cooper plc is not the registrant of the website.  Aff. ¶ 8.  Cooper plc did not even exist on the date that the website was registered, and the registration address for the website is not its address or the address of any of its predecessors.  Aff. ¶ 8.  Plaintiff cannot allege anything more specific against Cooper plc because Cooper plc is a foreign holding company that does not manufacture or sell *any*

products.  Aff. ¶ 5.  Plaintiff attempts to get around this hurdle by making conclusory allegations through which it groups Cooper plc with Cooper B-Line or with "Defendants" generally.  As the aforementioned authority shows, however, this type of pleading cannot survive a Rule 12(b)(6) motion.[1]

21.     Even if the allegation that Cooper plc is the registrant of the website is taken as true, it does not make Cooper plc liable for any of the causes of action that Plaintiff asserts against it.  It does not give rise to any inference that Cooper plc is responsible for the content of the website.  It does not show that Cooper plc made any false or misleading statement of fact about any products or that it did anything to create any likelihood of confusion as required for Plaintiff's claims under 15 U.S.C. 1125(a), claims for common law trade dress infringement, and claims under the Illinois deceptive trade practices act.  *See Farouk Systems, Inc. v. Costco Wholesale Corp.*, 700 F. Supp. 2d 780 (S.D. Tex. 2010)(elements of claim under 15 U.S.C. § 1125(a)); 850 ILCS 510/2.  Similarly, it does not show that Cooper plc misappropriated or used any of Plaintiff's alleged trade secrets or interfered with any of Plaintiff's prospective economic relations.

22.     Although Plaintiff makes conclusory allegations about Cooper plc in the course of stating the elements of its claims, Plaintiff's complaint is devoid of any facts showing any act or omission by Cooper plc that would make it liable to Plaintiff for those claims.    Significantly, Plaintiff has not pleaded any facts showing that Cooper plc controlled the website or is otherwise liable for the alleged acts and omissions of the operator of the website.  *See e.g. Fare Deals, Ltd. v. World Choice Travel.com, Inc.*, 180

---

[1] The Court can consider the Affidavit of Terrance Helz, submitted primarily in support of Cooper plc's motion to dismiss for lack of subject matter jurisdiction, in conjunction with Cooper plc's motion to dismiss for failure to state a claim by converting the Rule 12(b)(6) motion to a motion for summary judgment. Fed. R. Civ. P. 12(d).

F. Supp. 2d 678, 684 (D. Md. 2001) ("A defendant cannot have used an infringing mark when it played no role in the act of placing the mark in commerce."). Similarly, Plaintiff has not pleaded any facts showing that Cooper plc is secondarily liable for acts or omissions of the operator merely by virtue of being an alleged registrant of the website. *See e.g. Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93. 107 (2nd Cir. 2010) (discussing contributory liability).

23.     *Twombly* and *Iqbal* are clear that a plaintiff must allege facts in its complaint that demonstrate an entitlement to relief from the defendant. Plaintiff has failed to allege any *fact* that would entitle it to relief on any cause of action alleged by it against Cooper plc. Aside from alleging (erroneously) that Cooper plc is the registrant of a website that it does not operate, Plaintiff has done nothing more than group Cooper plc with "Defendants" generally and allege in a conclusory fashion the elements of its various causes of action. Plaintiff has failed to satisfy the *Twombly* and *Iqbal* pleadings standards and failed to state a claim against Cooper plc upon which relief can be granted.

## VI.    CONCLUSION

24.    Cooper plc respectfully requests that the Court dismiss the claims against it for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted and that the Court grant it all further or alternative relief to which it is entitled.


Respectfully submitted,


_____/s/_____
Robin L. Harrison
Attorney-in-Charge
State Bar No. 09120700
Southern District No. 4556
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX  77010
(713) 752-2332
(713) 752-2330 (fax)

ATTORNEYS FOR DEFENDANT
COOPER INDUSTRIES plc

Of Counsel:

John L. Dagley
State Bar No. 05310050
Southern District No. 12729
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX  77010
(713) 752-2332
(713) 752-2330 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept the notice as service of this document by electronic means.

/s/
Robin L. Harrison

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

CLEARLINE TECHNOLOGIES LTD.          §
                                     §
              Plaintiff,             §
                                     §          No. 4:11-cv-1420
v.                                   §
                                     §          JURY DEMANDED
COOPER B-LINE, INC.                  §
COOPER INDUSTRIES PLC, and           §
COOPER TECHNOLOGIES                  §
COMPANY,                             §
              Defendants.            §

## AFFIDAVIT OF TERRANCE V. HELZ

The undersigned, being first duly sworn, states upon his oath as follows:

1.      My name is Terrance V. Helz.  I am Associate General Counsel and
Secretary for Cooper Industries plc ("Cooper plc").  I am authorized to make this
affidavit on behalf of Cooper plc.

2.      Cooper plc is a corporation organized under the laws of Ireland.  Its
corporate headquarters and registered office are located at 5 Fitzwilliam Square, Dublin
2, Ireland.

3.      Cooper plc is not registered to do business in the state of Texas or in the
United States.  Cooper plc does not have a registered agent in the state of Texas.

4.      Cooper plc does not own or lease any real property in the State of Texas.
It does not own any bank accounts in the state of Texas.  It does not pay taxes in the State
of Texas or the United States.

5.      Cooper plc does not manufacture or sell any products in the state of Texas
or the United States.  It also does not provide or sell any services in the state of Texas or
the United States.

EXHIBIT
A

6.     Cooper plc is a holding company that indirectly owns the stock of Cooper U.S., Inc.  Cooper U.S., Inc. is, in turn, a holding company, incorporated under the laws of the state of Delaware.  Cooper U.S., Inc. owns the stock of Cooper B-Line, Inc. and Cooper Technologies Company, Defendants in the above-captioned case.

7.     Cooper plc does not have any non-executive officer employees in Texas or in the United States.

8.     Cooper plc is not the registrant of the domain name or website www.cooperbline.com.  Cooper plc did not exist on the date that the website or domain name www.cooperbline.com was registered, and the registration address for the website or domain name www.cooperbline.com – 114 Old State Rd., St. Louis, MO - is not an address for Cooper plc or any of its predecessors.

_____
TERRANCE V. HELZ

SWORN AND SUBSCRIBED to before me on this _18_ day of May, 2011.

_____
NOTARY PUBLIC, state of Texas

JEANETTA AGUIRRE
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 01-09-2014

2