IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC, and | § | |
| COOPER TECHNOLOGIES | § | |
| COMPANY, | § | |
| Defendants. | § | |

## COOPER TECHNOLOGIES COMPANY'S MOTION
## TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Cooper Technologies Company ("Cooper Technologies") files this motion to dismiss Plaintiff's complaint against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

### I.    NATURE AND STAGE OF THE PROCEEDING

1.    This is an alleged trademark and trade dress infringement case in which Plaintiff purports to assert claims under federal and state law. Cooper Technologies, one of three defendants named in the complaint, files this motion to dismiss for failure to state a claim as its first responsive pleading.

### II.    MATTERS AT ISSUE; STANDARD OF REVIEW

2.    The issue to be determined by the Court is whether Plaintiff's complaint states a valid claim against Cooper Technologies under the pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* ——U.S. ——, 129 S.Ct. 1937 (2009). The standard of review for a

motion to dismiss for failure to state a claim is *de novo*. *In re Southern Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008).

### III.   PLAINTIFF'S ALLEGATIONS AGAINST COOPER TECHNOLOGIES

3.    In its complaint, Plaintiff alleges that it manufactures and sells roof top support products, that its "C-PORT" trademark is registered with the United States Patent and Trademark Office, and that it has acquired trademark rights in the trade dress of its allegedly distinctive roof top support products. Complaint, Docket #1, ¶¶ 9-11.

4.    Plaintiff alleges that, sometime after 2003, it entered into a "verbal agreement" with Defendant Cooper B-Line, Inc. ("Cooper B-Line") for the distribution of its roof top support products in the United States. Complaint ¶ 8. It alleges that, in April 2008, Cooper B-Line notified Plaintiff that it would no longer distribute Plaintiff's products in the United States. Complaint ¶ 13. Plaintiff alleges that, in or about July 2008, it became aware that "Defendants" were selling confusingly similar roof top support products under the name DURA-BLOK™. Complaint ¶ 14.

5.    Plaintiff makes some sporadic and conclusory references to "Defendants" in its complaint. Plaintiff's only factual allegation about Cooper Technologies, however, is that: "Cooper Technologies filed the application to register the DURA-BLOK™ on December 15, 2008, and the mark is (sic) was registered on the USPTO's principal register on September 14, 2010." Complaint ¶ 15.

6.    Despite the absence of any real factual allegations against Cooper Technologies, Plaintiff purports to assert multiple causes of action against "Defendants," including (i) false designation of origin or sponsorship, false advertising and trade dress infringement under 15 USC § 1125(a), Complaint, Count 1; (ii) common law trade dress

infringement, Complaint, Count 2; (iii) violations of the Illinois deceptive trade practices act; Complaint, Count 3; (iv) misappropriation of trade secrets, Complaint, Count 6; and (v) intentional interference with prospective economic advantage, Complaint, Count 8.

## IV.    ARGUMENT AND AUTHORITIES

### A Plaintiff Must Plead Facts, Not Conclusions, Showing That It Is Entitled To Relief From Each Defendant.

7.      Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ——U.S. ——, 129 S. Ct. 1937, 1949 (2009). "[I]t asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557).

8.      "[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Thus, a plaintiff must do more than plead the bare elements of its cause of action. *Id.* A "complaint must allege 'more than labels and conclusions,' " and " 'a formulaic recitation of the elements of a cause of action will not do' " *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir.2007) (quoting *Twombly,* 550 U.S. 544); *see also Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal,* 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly,* 550 U.S. at 557). Instead, a complaint must include "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (footnote omitted) (quoting *Twombly,* 550 U.S. at 555); *see also In re S. Scrap Material Co.,* 541 F.3d 584, 587 (5th Cir.2008) (quoting *Twombly,* 550 U.S. at 555), *cert. denied,* —— U.S. ——, 129 S.Ct. 1669 (2009).

9.      "[A] complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts." *Bonner v. Specialized Loan Servicing LLC,* 2011 WL 1199998 *2 (D. Nev. 2011). A plaintiff cannot collectively group a defendant along with other defendants in allegations that amount to no more than conclusions of law. *Watkins v. Kajima International Corp.*, 2011 WL 98592 *4 (M.D. Tenn. 2001). Instead, a plaintiff must allege some specific act or omission by a defendant that demonstrates a plausible claim or entitlement to relief from that defendant. *Id.*

### Plaintiff Has Not Alleged A Claim Against Cooper Technologies.

10.      The only specific act or omission alleged as to Cooper Technologies in Plaintiff's complaint is that Cooper Technologies is the registrant of the DURA-BLOK™. Even if taken as true, however, nothing about this singular allegation makes Cooper Technologies liable for any of the causes of action that Plaintiff purports to assert against "Defendants."

11.      Specifically, the fact that Cooper Technologies is the registrant of the DURA-BLOK™ does not show that Cooper Technologies made any false or misleading statement of fact about any products or that it has done anything to create any likelihood

of confusion as required for its claims under 15 U.S.C. 1125(a), claims for common law trade dress infringement, and claims under the Illinois deceptive trade practices act. *See Farouk Systems, Inc. v. Costco Wholesale Corp.*, 700 F.Supp.2d 780 (S.D. Tex. 2010)(elements of claim under 15 U.S.C. § 1125(a)); 850 ILCS 510/2. Similarly, it does not show that Cooper Technologies misappropriated or used any of Plaintiff's alleged trade secrets or interfered with any of Plaintiff's prospective economic relations.

12.     *Twombly* and *Iqbal* are clear that a plaintiff must allege facts in its complaint that demonstrate an entitlement to relief from the defendant. Plaintiff has failed to allege any *fact* that would entitle it to relief on any cause of action alleged by it against Cooper Technologies. Indeed, the only fact alleged as to Cooper Technologies - that it is the registrant of a trademark – is just as consistent with its non-liability for the claims asserted as with its liability. Aside from this singular factual allegation, Plaintiff has done nothing more than group Cooper Technologies with "Defendants" generally and allege in a conclusory fashion the elements of its various causes of action. As such, Plaintiff has failed to satisfy the *Twombly* and *Iqbal* pleadings standards and failed to state a claim against Cooper Technologies upon which relief can be granted.

## V.    CONCLUSION

13.    Defendant Cooper Technologies respectfully request that the Court grant its motion to dismiss for failure to state a claim, dismiss all claims against it, dismiss it from this lawsuit, and grant all other additional or alternative relief to which it may be entitled.

Respectfully submitted,

_____/s/_____

Robin L. Harrison
Attorney-in-Charge
State Bar No. 09120700
Southern District No. 4556
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX  77010
(713) 752-2332
(713) 752-2330 (fax)

ATTORNEYS FOR DEFENDANT
COOPER TECHNOLOGIES COMPANY

Of Counsel:

John L. Dagley
State Bar No. 05310050
Southern District No. 12729
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX  77010
(713) 752-2332
(713) 752-2330 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept the notice as service of this document by electronic means.


                                        /s/
                              Robin L. Harrison