IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC. and | § | |
| COOPER TECHNOLOGIES | § | |
| COMPANY, | § | |
| | § | |
| *Defendants*. | | |

**PLAINTIFF'S REPLY TO COOPER TECHNOLOGIES COMPANY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## I.   INTRODUCTION

Defendant Cooper Technologies Company ("Cooper Technologies") has moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Cooper Technologies challenges whether the complaint of Plaintiff Clearline Technologies Ltd. ("Clearline) states a valid claim against Cooper Technologies under the pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ------U.S.------, 129 S.Ct. 1937 (2009).

The Defendant states that the Plaintiff's only factual allegation about Cooper Technologies is that: "Cooper Technologies filed the application to register the DURA-BLOK$^{TM}$ on December 15, 2008, and the mark is (sic) was registered on the USPTO's principal register on September 14, 2010." Mot. to Dismiss ¶ 5 *citing* Complaint ¶ 15. The Defendant goes on to state that the only specific act or omission alleged as to Cooper Technologies in Plaintiff's

complaint is that Cooper Technologies is the registrant of the DURA-BLOK<sup>TM</sup>.  Mot. to Dismiss ¶10.

## II. FACTS

Plaintiff Clearline also alleged in the complaint that "Defendants were selling confusingly similar roof-top support products under the trademark DURA-BLOK<sup>TM</sup>.  Complaint ¶ 14.  Further, Clearline alleged that "Defendants' acts constitute false designation of the origin and/or sponsorship or Cooper B-Line's and Cooper Technologies' goods and constitute trade dress infringement and unfair [competition] in violation of 15 U.S.C. § 1125(a)."  Complaint ¶ 21.

## III. APPLICABLE LAW

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Nokia Corp. v. Interdigital Communications*, 2005 WL 3525696 (D. Del. Dec. 21, 2005) (*citing Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993)).  In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor.  *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, 2011 WL 941197 (D. Del. Mar. 16, 2011) (citations omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*  Furthermore, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940–41 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*. at 1950.

## IV.  ARGUMENTS AND AUTHORITIES

Liability for trademark infringement and unfair competition may be extended beyond those who actually sell goods with the infringing mark, to include those contributory infringers who knowingly cooperate in illegal and tortious activity. J. Thomas McCarthy, *McCarthy on Trademark and Unfair Competition* (2002) §§25:17, 18, referencing *Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526 (1924) (applying common law concept of contributory infringement).

To establish vicarious trademark infringement, a plaintiff must show an apparent partnership between the defendant and the direct infringer, giving each the authority to bind the other or exercise control over the product at issue. *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143 (7th Cir. 1992). In the present case, both Cooper B-Line and Cooper Technologies exercise control over DURA-BLOK$^{TM}$. Specifically, Cooper B-Line controlled use of the mark on its website, while Cooper Technologies controlled registration of the mark.

In the present case, there exist common elements of control within Defendants Cooper B-Line, Inc. ("Cooper B-Line") and Cooper Technologies. According to Texas Secretary of State's website, both entities' addresses are 600 Travis Street, Suite 5600, Houston, Texas 77002. Also, one of the identified officers or directors, James T. Burrell, is identified as the vice president of both entities. *Compare* Katz Decl. at Ex. A (corporate registration information for Cooper Technologies downloaded from

https://ourcpa.cpa.state.tx.us/coa/servlet/cpa.app.coa.CoaOfficer) (last visited June 6, 2011) *with* Katz Decl. at Ex. B (corporate registration information for Cooper B-Line downloaded from https://ourcpa.cpa.state.tx.us/coa/servlet/cpa.app.coa.CoaOfficer) (last visited June 6, 2011). Hence, a close relationship appears to exist between the entities.

Further, the "naked licensing" rule forbids licensing without supervision by the trademark owner. J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, §§ 18:42 & 18:48 (2005); *accord Eva's Bridal v. Ghusein*, 2011 WL 1756163, at *3 (7th Cir. 2011) ("Trademark law requires that 'decisionmaking authority over quality remains with the owner of the mark.'") (internal citations omitted). In the present case, Cooper Technologies had a duty to supervise the use of the DURA-BLOK™ mark. Given the close relationship between Cooper B-Line and Cooper Technologies, it is reasonable to infer that Cooper Technologies knew or should have known that Cooper B-Line was obligated to respect Clearline's intellectual property rights pursuant to the Proprietary Information Agreement that had been executed by both Clearline and Cooper B-Line.

As described above, the DURA-BLOK™ mark was cited in the complaint as being used in connection with the sale of Cooper B-Line's roof support products that were confusingly similar to Clearline's products. Complaint ¶ 14. Given Cooper Technologies' duty to supervise its trademark licensee, Cooper B-Line, and the close corporate relationship between licensor and licensee, the inference can be drawn that Cooper Technologies was aware of and participated in Cooper B-Line's actions that harmed Clearline.

## V. CLEARLINE HAS ALLEGED FACTS SUFFICIENT TO STATE A CAUSE OF ACTION AGAINST COOPER TECHNOLOGIES

In the present case, Plaintiff Clearline has alleged that the DURA-BLOK™ mark was registered to Defendant Cooper Technologies. Clearline has also alleged that the DURA-BLOK™ mark used in connection with one or more causes of action alleged in the complaint, including, without limitation, False Designation of Origin or Sponsorship, False Advertising, and Trade Dress Infringement under 15 U.S.C. § 1125(a). Defendant Cooper Technologies is well aware, or should be well aware, of the relationship between Cooper Technologies and the other defendants whose websites were cited in several allegations of the complaint. Cooper Technologies is aware, or should be aware, of the duty that Cooper B-Line has to respect Clearline's intellectual property. Further, Cooper Technologies and Cooper B-Line share the same owner. *See* Defendants' Certificate of Interested Parties. These facts, when taken together, show that Clearline has pleaded causes of action against Cooper Technologies to which it is plausibly entitled to relief.

## VI. CONCLUSION

The Court should deny Cooper Technologies' Motion to Dismiss. Clearline has sufficiently pleaded one or more causes of action again Cooper Technologies.

Dated:  June 8, 2011	Respectfully submitted,

                              By: /s/ Robert D. Katz
                                  Robert D. Katz
                                *Attorney-in-Charge*
                                rkatz@pattonroberts.com
                                State Bar No. 24057936
                                Jon B. Hyland
                                (Admission Pending)
                                jhyland@pattonroberts.com
                                State Bar No.  24046131
                                PATTON ROBERTS, PLLC
                                901 Main St., Suite 3300
                                Dallas, Texas  75202
                                Telephone:  214-580-3825
                                Facsimile:  903-334-7007

                                Attorneys for Plaintiff
                                Clearline Technologies Ltd.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule LR5 on June 8, 2011.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ Robert D. Katz