IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC. and | § | |
| COOPER TECHNOLOGIES | § | |
| COMPANY, | § | |
| | § | |
| *Defendants*. | | |

**PLAINTIFF'S REPLY IN OPPOSITION TO COOPER INDUSTRIES PLC's MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

## I.   INTRODUCTION

Defendant Cooper Industries Plc. ("Cooper Industries") has moved to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Cooper Industries challenges whether the State of Texas has personal jurisdiction over Cooper Industries. Cooper Industries challenges whether the complaint of Plaintiff Clearline Technologies Ltd. ("Clearline) states a valid claim against Cooper Industries under the pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ------U.S.------, 129 S.Ct. 1937 (2009).

The Defendant states that the Plaintiff's only factual allegation about Cooper Industries is that Cooper Industries is the registrant of the website www.cooperbline.com.  Mot. to Dismiss ¶19. However, as detailed below, other allegations in the complaint were directed at Cooper Industries.

## II.     FACTS

Plaintiff Clearline alleged in the complaint that "Defendants were selling confusingly similar roof-top support products under the trademark DURA-BLOK™. Complaint ¶ 14. Clearline has also alleged that Defendants' DURA-BLOK™ products have created and continue to create substantial confusion in the marketplace. Complaint ¶ 15. Clearline has further alleged that Cooper Industries used and continues to use Clearline's C-PORT mark in meta-tags. Complaint ¶ 16. Clearline has additionally alleged that Cooper Industries used and continues to use Clearline's distinctive trade dress in connection with Cooper B-Line's advertisement of its DURA-BLOK™ products. Complaint ¶ 18.

Cooper Industries' website is located at http://www.cooperindustries.com. *See* Katz Decl. at Ex. E (Cooper Industries' "Contact Us" information downloaded from http://www.cooperindustries.com/content/public/en/company/contact_us.html) (last visited June 6, 2011). Cooper Industries' website advertises DURA-BLOK™ products. *See* Katz Decl. at Ex. F (Cooper Industries DURA-BLOK™ brochure location at http://www.cooperindustries.com/content/dam/public/bline/Resources/Library/flyers/BRTS-10.pdf) (last visited June 6, 2011). This distinction is very important. Not only is the DURA-BLOK™ product line promoted on Defendant Cooper B-Line's website, but the same products are also promoted on Defendant Cooper Industries' website. Cooper Industries is responsible for the content appearing on its website.

Cooper Industries relies on an affidavit executed by its Associate General Counsel Terrance Helz to create the impression that Cooper Industries has no connection to Cooper B-Line's website registration. Helz Decl. ¶ 8. However, the registration address, and virtually all of the registration information are identical for Cooper Industries' website at

www.cooperindustries.com and Cooper B-Line's website at www.cooperbline.com.  *Compare* Katz Decl. at Ex. C (Cooper Industries' "Whois" registration record downloaded from http://www.networksolutions.com/whois-search/cooperindustries.com) (last visited June 6, 2011) *with* Katz Decl. at Ex. D (Cooper B-Line's "Whois" registration record downloaded from http://www.networksolutions.com/whois-search/cooperbline.com) (last visited June 6, 2011).

### III.  ARGUMENTS AND AUTHORITIES

#### A.  This Court has Personal Jurisdiction Over Cooper Industries

##### 1. Cooper Industries has Systematic and Continuous Contacts with the State of Texas

Federal courts have long held that, in order for a court to exercise personal jurisdiction over a non-resident defendant, the defendant must have established "minimum contacts" with the forum.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  In addition, the exercise of jurisdiction "cannot offend 'traditional notions of fair play and substantial justice.'"  *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir., 1999).

Cooper Industries argues that it is not subject to this Court's exercise of general jurisdiction because Cooper Industries "does not have 'systematic and continuous contacts' with the State of Texas.'"  Cooper Industries relies on an affidavit executed by its Associate General Counsel Terrance Helz.  In his affidavit, Mr. Helz declares, among other things, that Cooper Industries is not registered to do business in the State of Texas, does not have a registered agent in the State of Texas, does not pay taxes in the State of Texas or the United States, does not manufacture or sell products in the State of Texas, and does not provide or sell services in the State of Texas. Helz Decl. ¶¶ 2-6.

Mr. Helz's affidavit is misleading at best.  He fails to inform the Court of the most important factor in determining whether Cooper Industries is subject to personal jurisdiction in the State of Texas:  its operations are based in Houston, Texas.  Cooper Industries has repeatedly stated in SEC filings and in press releases that its "administrative headquarters" is located in Houston.  *See, e.g.,* Katz Decl. at Ex. G (Cooper Industries' press release dated June 9, 2009, downloaded from http://phx.corporate-ir.net/phoenix.zhtml?c=75146&p=irol-newsArticle_print&ID=1297553&highlight=) (last visited June 8, 2011) and Katz Decl. at Ex. H (excerpt from Cooper Industries' and Cooper US, Inc. SEC filing dated November 8, 2010, downloaded from http://www.sec.gov/Archives/edgar/data/1141982/000095012310110872/h78123b5e424b5.htm) (last visited June 6, 2011).

For example, Cooper Industries issued a press release on June 9, 2009, announcing a proposed change in its place of incorporation from Bermuda to Ireland.  *See* Katz Decl. at Ex. G. In the press release, Cooper Industries' CEO Kirk Hachigian is quoted as saying that Cooper Industries "does not expect the reorganization will have a material impact on its … day-to-day operations."  *Id.*  This is because, as stated later in the press release, Cooper Industries maintains its "administrative headquarters in Houston, TX."  *Id.*  This statement is echoed in a prospectus filed with the SEC in 2010.  In a section that discusses Cooper Industries' subsidiary, Cooper U.S., Inc., Cooper Industries states "the executive offices of Cooper US are located at the same address as [Cooper Industries'] administrative offices in Houston, Texas, and Cooper US has the same telephone number as [Cooper Industries] as shown above."  *See* Katz Decl. at Ex. H. The most ironic part of Mr. Helz's affidavit, which claims that Cooper Industries does not have minimum contacts with the State of Texas, is that it is likely that Mr. Helz signed his affidavit in

his office in Houston. Mr. Helz is a member of the Texas Bar and his profile lists his employer as Cooper Industries and his primary practice location as Houston, Texas. *See* Katz Decl. at Ex. I. (excerpt of the attorney information of Terrance V. Helz from the Texas Bar website downloaded from http://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=CustomSource/MemberDirectory/Result_form_client.cfm) (last visited June 8, 2011).

If maintaining its "administrative headquarters" and running its world-wide operations from within the State of Texas fails to establish "systematic and continuous contacts" with the State of Texas, it is hard to imagine that any foreign company could satisfy the absurdly high standard that Cooper Industries argues must be satisfied to establish general jurisdiction.

**2. Cooper Industries Does Business In Texas under Tx. Civ. Prac. & Rem. §17042**

Fed. R. Civ. P. 4(k)(1)(A) directs each federal district court to follow the law on personal jurisdiction that is in force in the state courts where the federal court is located. The Texas long-arm statute, Tx. Civ. Prac. & Rem. §17401, *et seq.*, specifically extends the jurisdiction of Texas courts to nonresidents that do business in Texas. The Supreme Court of Texas has repeatedly held that "[o]ur long-arm statute authorizes the exercise of jurisdiction over those who do business in Texas." *Scholobohm v. Shapiro*, 784 S.W.2d 355, 356 (Tex. 1990).

Section 17042 specifically defines some instances of what constitutes doing business in Texas. Section 17042(3) states that a nonresident does business if it "recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." Mr. Helz is one of what is likely many Texas residents who were recruited by and employed by Cooper Industries in the State of Texas. In his affidavit, Mr. Helz states that Cooper Industries has "no non-executive officer employees" in the State of Texas. Helz Decl. ¶

7. It is not clear what this carefully worded statement actually means, but what is clear from the affidavit is that Cooper Industries **does have employees in Texas**.

Cooper Industries' repeated assertion that it does not have an agent for service of process in the State of Texas is irrelevant.  The Texas legislature has recognized that nonresidents who do business in Texas are subject to personal jurisdiction in Texas, even if they do not have an agent for service of process.  Section 17044 of the Civil Practice and Remedies Code allows for substituted service of process on the Texas Secretary of State for a nonresident who "engages in business in this state, but has not designated or maintained a resident agent for service of process."

### B. Clearline has Sufficiently Pleaded Causes of Action Against Cooper Industries.

The first count of Clearline's Complaint accuses Cooper Industries of false designation of origin or sponsorship, false advertising, and trade dress infringement under 15 U.S.C. § 1125(a). The second count of Clearline's Complaint accuses Cooper Industries of common law trade dress infringement.  As discussed above, Cooper Industries advertises the DURA-BLOK$^{TM}$ product on its website.  Cooper Industries is responsible for the contents of its website.  Thus, Clearline has sufficiently pleaded these causes of action against Cooper Industries.

Moreover, the fourth count of Clerline's complaint accuses Cooper Industries of trademark infringement under 15 U.S.C. § 1114(a).  To establish vicarious trademark infringement, a plaintiff must show an apparent partnership between the defendant and the direct infringer, giving each the authority to bind the other or exercise control over the product at issue. *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143 (7th Cir. 1992).  In *Government Employees Insurance Company v. Google, Inc.*, 330 F.Supp.2d 700 (E.D. Va. 2004), the court refused to dismiss the plaintiff's vicarious liability claims against a website

operator for trademark infringement by third party advertisers.  *Id*., at 705.  The court held that vicarious liability could exist where both parties "control the appearance" of the accused website.  *Id.*

In the present case, Clearline alleges that both Cooper B-Line and Cooper Industries exercise at least some control over the website www.cooperbline.com which is accused of infringing Clearline's trademark.  Specifically, Clearline has alleged that Cooper B-Line managed its website, while Cooper Industries is the registrant (and thus owner) of the website.  Presumably, as both the registrant of the website and as the parent company of Cooper B-Line, Cooper Industries exercises a degree of control over the accused website, and this was pleaded in Clearline's complaint.

Cooper Industries alleges in its Motion to Dismiss that it is not the registrant of the website www.cooperbline.com.  Although Clearline's pre-suit investigation indicates that Cooper Industries is the registrant of the website (*see* Katz Decl., Ex. D), even if Cooper Industries is not the registrant, the question still remains as to the degree of influence that Cooper Industries wields over the operation of the Cooper B-Line website.  Hence, fact issues remain and it is not appropriate for the Court to dissect the truth of Cooper Industries' claims.

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Nokia Corp. v. Interdigital Communications*, 2005 WL 3525696 (D. Del. Dec. 21, 2005) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993)).  In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor.  *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, 2011 WL 941197 (D. Del. Mar. 16, 2011) (citations omitted).

Regardless of Cooper Industries' degree of control over the Cooper B-Line website, the fact remains that Cooper Industries' own website, www.cooperindustries.com, advertises the DURA-BLOK<sup>TM</sup> products.  Cooper Industries is without question responsible for the content appearing on its own website.

## IV.    CONCLUSION

The Court should deny Cooper Industries' Motion to Dismiss.  This Court has personal jurisdiction over Cooper Industries because Cooper Industries maintains systematic and continuous contacts with the State of Texas by employing a staff at its offices in Houston through which worldwide operations are orchestrated.   Further, as enumerated above, Clearline has sufficiently pleaded one or more causes of action again Cooper Industries.

Dated:  June 8, 2011         Respectfully submitted,

By: /s/ Robert D. Katz
    Robert D. Katz
    *Attorney-in-Charge*
    rkatz@pattonroberts.com
    State Bar No. 24057936
    Jon B. Hyland
    (Admission Pending)
    jhyland@pattonroberts.com
    State Bar No.  24046131
    PATTON ROBERTS, PLLC
    901 Main St., Suite 3300
    Dallas, Texas  75202
    Telephone:  214-580-3825
    Facsimile:  903-334-7007

    Attorneys for Plaintiff
    Clearline Technologies Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule LR5 on June 8, 2011.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ Robert D. Katz