IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC. and | § | |
| COOPER TECHNOLOGIES | § | |
| COMPANY, | § | |
| | § | |
| *Defendants*. | | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**Response:**

The conference was held by phone at 3:30 PM on June 3, 2011. The call was attended by Robert Katz and Jon Hyland for the Plaintiff. The call was attended by John Dagley for the Defendants.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**Response:**

   None.

3. Briefly describe what this case is about.

**Response:**

Plaintiff Clearline alleges that it developed a line of rooftop support products and entered into an agreement with one or more Defendants to distribute such products. Clearline further alleges that Defendants infringed or misappropriated certain intellectual property including trade dress and trademarks related to such rooftop support products. Moreover, Clearline alleges that one or more Defendants engaged in fraud and committed other torts.

    Defendant Cooper B-Line denies Plaintiff's allegations. Defendant Cooper Industries plc has moved to dismiss for lack of personal jurisdiction and failure to state a claim. Defendant Cooper Technologies, Inc. has moved to dismiss for failure to state a claim. Defendant Cooper B-Line, Inc. also counterclaims that Plaintiff has violated the Illinois Deceptive Trade Practices Act.

4. Specify the allegation of federal jurisdiction.

**Response:**

    This action arises, in part, under the trademark laws of the United States, Title 15 of the United Stated Code. Plaintiff Clearline asserts that the Court's jurisdiction over this action is proper under the above statutes, including 15 U.S.C. §1114, 1121, 1126, and 1125, *et seq.*, and 28 U.S.C. §1331 and §1338(a). Plaintiff Clearline further asserts that this Court has supplemental jurisdiction over the related state law claims asserted pursuant to 28 U.S.C. §1367. In addition, Plaintiff Clearline asserts that the Court further has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity between Clearline and Defendants and the amount in controversy exceeds $75,000.

5. Name the parties who disagree and the reasons.

**Response:**

    Defendant Cooper Industries plc disagrees that the Court has personal jurisdiction over it.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**Response:**

    None.

7. List anticipated interventions.

**Response:**

    None.

8. Describe class-action issues.

**Response:**

    None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Response:**

The parties have not made the initial disclosures required by Rule 26(a). Plaintiff and Defendant Cooper B-Line, Inc. agree to make such disclosures by July 8, 2011. Defendants Cooper Technologies, Inc. and Cooper Industries plc object to making initial disclosures pending determination of their respective motions to dismiss.

10. Describe the proposed agreed discovery plan, including:

 A. Responses to all the matters raised in Rule 26(f).

  1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

  **Response:** Plaintiff and Defendant Cooper B-Line, Inc. agree to make initial disclosures by July 8, 2011. Defendants Cooper Technologies, Inc. and Cooper Industries plc object to making initial disclosures pending determination of their respective motions to dismiss.

  2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

  **Response:** The parties will require discovery into the factual and legal bases of the claims and defenses asserted in this case. The parties anticipate that discovery should be completed not later than 120 days before trial.

  3. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

  **Response:** Plaintiff's counsel and Defendants' counsel have informed their clients of the clients' duty to preserve all evidence, including electronic evidence, that relates to this case. The parties agree to produce all documents in electronic format. Hardcopy originals shall be made available for inspection and copying upon request.

  4. Any issues about claims of privilege or of protection as trial-preparation materials including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include the agreement in an order;

  **Response:** None known at this time.

  5. What changes should be made in the limitation on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**Response:** Defendants Cooper Technologies, Inc. and Cooper Industries plc object to being required to participate in substantive discovery pending determination of their respective motions to dismiss and request that substantive discovery as to them be stayed pending disposition of those motions.

6. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**Response:** An order providing for the protection and confidentiality of certain information exchanged in discovery may be appropriate. The parties will attempt to agree on such an order.

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Response:** Plaintiff anticipates propounding interrogatories to the Defendants more than 30 days prior to the expiration of the discovery period.

C. When and to whom the defendant anticipates it may send interrogatories.

**Response:** Defendants anticipate propounding interrogatories to the Plaintiff more than 30 days prior to the expiration of the discovery period.

D. Of whom and by when the Plaintiff anticipates taking oral depositions.

**Response:** Plaintiff anticipates deposing persons having knowledge of relevant facts. Plaintiff anticipates taking the aforementioned depositions prior to the expiration of the discovery period.

E. Of whom and by when the Defendant anticipates taking oral depositions.

**Response:** Defendants anticipate deposing persons having knowledge of relevant facts. Defendants anticipate taking the aforementioned depositions prior to the expiration of the discovery period.

F. (i) The date experts for the party with the burden of proof on an issue will be designated and their reports provided to opposing party:

**Response:** The party with the burden of proof on an issue on which expert testimony will be proffered shall designate experts not later than 210 days prior to the scheduled trial period and provide reports from those experts not later than 180 days prior to the scheduled trial period. However, notwithstanding the preceding, supplemental reports may be provided within 30 days of the discovery of evidence not previously produced or available to the designating party. Rebuttal expert reports shall be due within 30 days after receipt of the report that they rebut.

(ii) The date experts for Defendant will be designated and their reports provided to opposing party:

**Response:** Rebuttal expert reports shall be due within 30 days after receipt of the report that they rebut. Alternatively, the party without the burden of proof on an issue on which expert testimony will be proffered shall designate experts not later than 180 days prior to the scheduled trial period and provide reports from those experts not later than 150 days prior to the scheduled trial period. However, notwithstanding the preceding, supplemental reports may be provided within 30 days of the discovery of evidence not previously produced or available to the designating party.

G. List of expert depositions the Plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (see Rule 26(a)(2)(b) (expert report)).

**Response:** Plaintiff anticipates deposing experts designated by Defendants before the expiration of the discovery period or within 30 days after receipt of the expert's latest report, whichever occurs later.

H. List of expert depositions the Defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(b) (expert report)).

**Response:** Defendants anticipate deposing experts designated by Plaintiff before the expiration of the discovery period or within 30 days after receipt of the expert's latest report, whichever occurs later.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Response:**

At this time, Plaintiff does not object to a stay of disclosures and discovery for Defendants Cooper Technologies, Inc. and Cooper Industries plc pending determination of their respective motions to dismiss. Plaintiff reserves the right to object at a later time.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Response:**

None.

13. State the date the planned discovery can reasonably be complete.

**Response:**

120 days prior to the scheduled trial period.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Joint Discovery/Case Management Plan**                                                                                                  **Page-5**

**Response:**

Counsel for the Plaintiff and counsel for Defendant have discussed settlement. The likelihood of settlement is unknown at this time.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Response:**

Counsel for Plaintiff and counsel for Defendant have discussed settlement.

16. From the attorneys' discussion with the client(s), state the alternative dispute resolution techniques that are reasonably suitable.

**Response:**

If the parties are unable to resolve this dispute among themselves, non-binding ADR, such as mediation, may be appropriate in the future.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Response:**

Plaintiff consents to trial before a magistrate judge. Defendants do not consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

**Response:**

The Plaintiff has made a timely jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

**Response:**

40 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Response:**

Defendant Cooper Industries plc's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Failure to State a Claim

Defendants Cooper Technologies, Inc.'s Motion to Dismiss for Failure to State a Claim

21. List other motions pending.

**Response:**

None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Response:**

None.

23. List the names, bar numbers, address and telephone numbers of all counsel.

**Response:**

**For the Plaintiff:**

Robert D. Katz, *Attorney-in-Charge*
State Bar No. 24057936
Jon B. Hyland, *Admission Pending*
State Bar No. 24046131
PATTON ROBERTS, PLLC
901 Main St., Ste. 3300
Dallas, Texas 75202
(214) 580-3825
(903) 334-7007 (fax)
Email: rkatz@pattonroberts.com
Email: jhyland@pattonroberts.com

**For the Defendants:**

Robin L. Harrison, *Attorney-in-Charge*
State Bar No. 09120700
John L. Dagley, *Of Counsel*
State Bar No. 05310050
CAMPBELL HARRISON & DAGLEY L.L.P.
40000 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 752-2332
(713) 752-2330 (fax)

Dated:  June 14, 2011	Respectfully submitted,

By:  /s/ Robert D. Katz
Robert D. Katz
*Attorney-in-Charge*
rkatz@pattonroberts.com
State Bar No. 24057936
Jon B. Hyland
(Admission Pending)
jhyland@pattonroberts.com
State Bar No.  24046131
PATTON ROBERTS, PLLC
901 Main St., Suite 3300
Dallas, Texas  75202
Telephone:  214-580-3825
Facsimile:  903-334-7007

Attorneys for Plaintiff
Clearline Technologies Ltd.

/s/ Robin L. Harrison
Robin L. Harrison, *Attorney-in-Charge*
State Bar No. 09120700
Southern District No. 4556
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 752-2332
(713) 752-2330 (fax)

Attorneys for Defendants
Cooper B-Line, Inc.,
Cooper Industries PLC, and
Cooper Technologies Company