IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CLEARLINE TECHNOLOGIES LTD. § | |
| § | |
| Plaintiff, § | |
| § | No. 4:11-cv-1420 |
| v. § | |
| § | JURY DEMANDED |
| COOPER B-LINE, INC. § | |
| COOPER INDUSTRIES PLC, and § | |
| COOPER TECHNOLOGIES § | |
| COMPANY, § | |
| Defendants. § | |

## COOPER TECHNOLOGIES REPLY TO PLAINTIFF'S REPLY TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Cooper Technologies Company ("Cooper Technologies") replies to Plaintiff's Reply (Docket # 12) to its Motion to Dismiss for Failure to State a Claim (Docket #10) as follows.

### ARGUMENT AND AUTHORITIES

**Plaintiff Has Not Alleged Sufficient <u>Facts</u> To State A Claim.**

1. Plaintiff argues that its allegations that "*Defendants* were selling confusingly similar rooftop products under the trademark DURA-BLOK™" and "*Defendants'* acts constitute false designation of origin and/or sponsorship of Cooper B-Line's and Cooper Technologies' goods and constitute trade dress infringement and unfair completion (sic) in violation of 15 U.S.C. § 1125(a)" are sufficient to keep its Complaint from being dismissed for failure to state a claim. Reply pp. 2-3 (emphasis added). Plaintiff is wrong. Those are the exact type of conclusory allegations that the Supreme Court rejected in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, ----U.S. ----, 129 S.Ct. 1937, 1949-50 (2009) ("threadbare recitals of

elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Dell, Inc. v. This Old Store, Inc.*, 2007 WL 1958609 *2 (S.D. Tex. 2007) (granting motion to dismiss on similar allegations).

### Plaintiff Has Not Alleged Sufficient Facts To Impose Secondary Liability.

2.  Plaintiff next seems to argue that it has alleged facts sufficient to show that Cooper Technologies is either contributorily or vicariously liable for alleged trademark violations by Cooper B-Line, Inc. Plaintiff, however, has not alleged any facts that would support a claim for contributory or vicarious trademark liability against Cooper Technologies.

3.  Traditionally, contributory infringement arises only when a manufacturer or distributor intentionally induces another to infringe a trademark, or continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement. *Inwood Labs., Inc. v. Ives Labs.*, Inc., 456 U.S. 844, 855 (1982). When the defendant supplies a service instead of a product, contributory infringement requires proof that the defendant had direct control and monitoring of the instrumentality used by the third-party to infringe the plaintiff's mark. *Lockheed Martin Corp. v. Network Solutions*, Inc., 194 F.3d 980, 984 (9th Cir. 1999).

4.  Plaintiff has not cited any authority to show how the doctrine of contributory infringement might apply to the registrant of a trademark such as Cooper Technologies. Nonetheless, if it does apply, Plaintiff still has not alleged any facts that would support a claim for contributory infringement against Cooper Technologies. Plaintiff has not alleged any facts showing that Cooper Technologies intentionally induced another to infringe Plaintiff's mark, that Cooper Technologies has supplied a

2

product to one whom it knows or has reason to know is engaging in trademark infringement, or that Cooper Technologies has direct control and monitoring of the instrumentality – the roof top support products – that Cooper B-Line is allegedly using to infringe on Plaintiff's mark. A claim for contributory infringement simply cannot be found in Plaintiff's complaint.

5. In support of its vicarious liability argument, Plaintiff cites *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992), which holds that a defendant may be vicariously liable for trademark infringement if the defendant and the infringer: (1) have an apparent or actual partnership; (2) have authority to bind one another in transactions with third-parties; or (3) exercise joint ownership or control over the infringing product. Plaintiff has not alleged any facts in its Complaint showing that Cooper Technologies and Cooper B-Line have an apparent or actual partnership, that Cooper Technologies and Cooper B-Line have authority to bind one another in transactions with third-parties, or that Cooper Technologies and Cooper B-Line exercise joint ownership or control over the allegedly infringing rooftop support products. Plaintiff's Complaint states absolutely no claim for vicarious liability against Cooper Technologies.

**Even Relying On Extrinsic Allegations, Plaintiff Cannot State A Claim.**

6. In an effort to remedy the absence of allegations in its Complaint, Plaintiff attempts to submit extrinsic information that purportedly shows that Cooper Technologies and Cooper B-Line have the same address with the Texas Secretary of State and have one common officer. This extrinsic information, however, should not be considered by the Court in determining Cooper Technologies' Rule 12(b)(6) motion to

dismiss. *Ace American Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 187 (S.D. Tex. 2008); *see also* Fed. R. Civ. P. 12(d). Nonetheless, even if the Court considers Plaintiff's extrinsic information, Plaintiff has still failed to state any claim against Cooper Technologies because allegations of a shared address and a common officer are insufficient to state any claim for secondary trademark liability. *Coach, Inc. v. Asia Pacific Trading Co.*, 676 F.Supp.2d 914 (C.D. Cal. 2009) (shared office, common ownership, and shared tax identification number are insufficient facts upon which to impose secondary liability for trademark infringement); *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1086 (9th Cir. 2005) (more than the existence of a corporate relationship is required).

### The Naked Licensing Doctrine Is Inapplicable To This Case.

7. Finally, Plaintiff argues that Cooper Technologies had some duty to it as a result of the "naked licensing" doctrine. First, Plaintiff has not alleged any facts in its complaint that would implicate this doctrine. Second, the naked licensing doctrine has no application to this case. Instead, as is clear from the authority upon which Plaintiff relies, *Eva's Bridal v. Ghusein*, 693 F.3d 788 (3rd Cir. 2011), the naked licensing doctrine is an abandonment theory that can be used as a defense in a claim between a licensor and licensee. It does not create any duty between a licensor and any third-party.

### CONCLUSION

8. Having failed to state a claim against Cooper Technologies in its Complaint, Plaintiff now argues for theories of liability against Cooper Technologies that are foreign to its Complaint. Even under those theories, however, it cannot state a claim. The Court should dismiss Plaintiff's claims against Cooper Technologies.

4

                Respectfully submitted,

                _/s/_____
                Robin L. Harrison
                Attorney-in-Charge
                State Bar No. 09120700
                Southern District No. 4556
                CAMPBELL HARRISON & DAGLEY L.L.P.
                4000 Two Houston Center
                909 Fannin Street
                Houston, TX 77010
                (713) 752-2332
                (713) 752-2330 (fax)

                ATTORNEYS FOR DEFENDANT
                COOPER TECHNOLOGIES COMPANY

Of Counsel:

John L. Dagley
State Bar No. 05310050
Southern District No. 12729
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX 77010
(713) 752-2332
(713) 752-2330 (fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 16, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept the notice as service of this document by electronic means.

                                                        /s/
                                                Robin L. Harrison