IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC. and | § | |
| COOPER TECHNOLOGIES | § | |
| COMPANY, | § | |
| | § | |
| *Defendants*. | | |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO JOINT DISCOVERY / CASE MANAGEMENT PLAN

Plaintiff Clearline Technologies Ltd. ("Clearline") makes the following disclosures pursuant to the Joint Discovery / Case Management Plan of June 14, 2011 (Dkt. 14). These Initial Disclosures are based on information reasonably available to Plaintiff at this time. In addition, these Initial Disclosures are made with the understanding that Plaintiff cannot anticipate all the positions that Defendants Cooper B-Line, Inc. ("Cooper B-Line"), Cooper Industries plc. ("Cooper Industries"), and Cooper Technologies Company ("Cooper Technologies") (or collectively "Cooper" or "Defendants") may take in this case. Plaintiff reserves the right to supplement or amend its disclosures in accordance with the Federal Rules of Civil Procedure and the Local Court Rules as discovery progresses and as additional information otherwise becomes available to it.

**A.    THE PARTIES**

Clearline believes that relevant parties to this matter have been properly identified.

B.  **POTENTIAL PARTIES**

Although Plaintiff reserves the right to seek leave to amend to add additional parties, at this time Plaintiff identifies Cooper U.S., Inc. as a potential party to this lawsuit.

C.  **LEGAL THEORIES AND FACTUAL BASES FOR CLAIMS AND DEFENSES**

    **(1) Claims**

Clearline's legal and factual theories are supplemented by Clearline's First Amended Complaint.  Clearline hereby incorporates those pleadings by reference.

    **(a) False Designation of Origin or Sponsorship, False Advertising, and Trade Dress Infringement under 15 U.S.C. §1125(a)**

Pursuant to 15 U.S.C. §1117, Clearline is entitled to recover the Defendants' profits derived from the sales of the DURA-BLOK$^{TM}$ products.  Clearline is also entitled to recover the damages that it sustained due to Defendants' infringement, including lost profits from lost sales of Clearline's C-PORT® products and loss of goodwill.  Clearline is also entitled to recover the costs of this action.  Since Defendants' conduct was willful and malicious, Clearline is entitled to treble damages.  If the Court finds that this is an exceptional case, Clearline may be entitled to recover its reasonable attorney fees.

    **(b) Common Law Trade Dress Infringement**

Clearline is entitled to recover its lost profits from lost sales of Clearline's C-PORT® products and loss of goodwill.  Since Defendants' conduct was willful, outrageous, and malicious, Clearline is entitled to punitive damages.

    **(c) Illinois Deceptive Trade Practices Act (815 ILCS 510/1 et seq.)**

Pursuant to the Illinois Deceptive Trade Practices Act (815 ILCS 510/1, *et seq.*), Clearline is entitled to recover compensatory damages that include its lost profits from lost sales of

Clearline's C-PORT® products and loss of goodwill. Since Defendants' conduct was willful and malicious, Clearline is also entitled to recover punitive damages. Clearline is also entitled to recover its reasonable attorneys' fees.

### (d) Trademark Infringement

Pursuant to 15 U.S.C. §1117, Clearline is entitled to recover the Defendants' profits derived from the sales of the DURA-BLOK$^{TM}$ products. Clearline is also entitled to recover the damages that it sustained due to Defendants' infringement, including lost profits from lost sales of Clearline's C-PORT® products and loss of goodwill. Clearline is also entitled to recover the costs of this action. Since Defendants' conduct was willful and malicious, Clearline is entitled to treble damages. If the Court finds that this is an exceptional case, Clearline may be entitled to recover its reasonable attorney fees. Clearline is also entitled to pre-judgment interest.

### (e) Fraud

Clearline is entitled to recover the damages that incurred due to its reliance on the Defendants' misrepresentations, including but not limited to the money that Clearline invested in increasing its production capacity. Clearline is also entitled to recover its lost profits from lost sales of Clearline's C-PORT® products and loss of goodwill. Since Defendants' conduct was willful and malicious, Clearline is entitled to punitive damages. If the Court finds that this is an exceptional case, Clearline may be entitled to recover its reasonable attorney fees.

### (f) Misappropriation of Trade Secrets (765 ILCS 1065)

Under the Illinois Deceptive Trade Practices Act, Clearline is entitled to recover its actual loss caused by Defendants' misappropriation of its trade secrets, including but not limited to lost profits from lost sales of Clearline's C-PORT® products. Clearline is also entitled to recover Defendants' profits on products that were manufactured or sold due to misappropriation of

Clearline's trade secrets. Since Defendants misappropriation was willful and malicious, Clearline is entitled double damages.

### (g) Breach of Contract

Clearline is entitled to recover its actual loss caused by Defendants' breach of the Proprietary Information Agreement, including but not limited to lost profits from lost sales of Clearline's C-PORT® products. Clearline is also entitled to recover Defendants' profits on products that were manufactured or sold due to the unjust enrichment of defendants from breaching the Proprietary Information Agreement.

### (h) Intentional Interference with Prospective Economic Advantage

Clearline is entitled to recover the damages that incurred due to its reliance on the Defendants' misrepresentations, including but not limited to the money that Clearline invested in increasing its production capacity. Clearline is also entitled to recover its lost profits from lost sales of Clearline's C-PORT® products and loss of goodwill.

### (2) Counterclaim Defenses

#### (a) Failure to State a Claim

Defendants have failed to state a claim upon which relief may be granted.

#### (b) Equitable Doctrines

Some or all of Defendants' claims are barred by one or more of the equitable doctrines of waiver, acquiescence, laches, estoppel (including without limitation equitable estoppel and prosecution history estoppel), and/or unclean hands.

## D.   LIST OF KNOWLEDGEABLE INDIVIDUALS

Clearline's initial disclosure of the identities of potential witnesses is based upon such information that Clearline has been able to discover thus far in the amount of time available, as

well as Clearline's present analysis of the case. This disclosure shall not, in any way, be deemed a representation that additional witnesses do not exist.  Clearline reserves the right to identify additional persons having information bearing significantly on the claims and/or defenses in this litigation when the identity of such persons becomes known throughout discovery.

The names of the individuals who will likely have discoverable information relevant to the disputed facts, claims, or defenses alleged in the pleadings and the subject matter of the information include all of those identified by Cooper and the following:

| NAME | ADDRESS/PHONE | SUBSTANCE OF INFORMATION KNOWN |
|---|---|---|
| Neil Krovats | Clearline Books<br>1149 St. Matthews Ave.<br>Winnipeg, Canada MB R3G-0J8<br>(204) 786-3334<br>Contact through counsel for Plaintiff | President of Clearline.  Has knowledge of communications with Cooper B-Line.  Has knowledge of Clearline's document retention policies and procedures. |
| Bill Lampen | Unknown | May have knowledge of negotiations and communications with Clearline. |
| Dave Rice | Cooper B-Line, Inc.<br>509 W. Monroe St.<br>Highland, Illinois 62249<br>(618) 654-2184<br>(800) 851-7415 | May have knowledge of negotiations and communications with Clearline. |
| Bob Crain | Director of Marketing/Product Development, Cablofil<br>8319 State Route 4, Mascoutah, IL 62258<br>(618) 566-5850 | May have knowledge of negotiations and communications with Clearline. |
| Alan Price | With Unistrut,  Seattle<br>(253)228-0725 | May have knowledge of negotiations and communications with Clearline. |
| Chris Peeler | Cooper B-Line, Inc.<br>509 W. Monroe St.<br>Highland, Illinois 62249<br>(618) 654-2184<br>(800) 851-7415 | May have knowledge of negotiations and communications with Clearline. |

| Greg Libbrecht | Clearline Books<br>1149 St. Matthews Ave.<br>Winnipeg, Canada MB<br>R3G-0J8<br>(204) 786-3334 | May have knowledge of communication between Clearline and Cooper. |
|---|---|---|
| Don Zimmerman | Priest-Zimmerman<br>5353 Joilet Street<br>Denver, Colorado 80239<br>(303) 307-1720 | May have knowledge of communication between Cooper or Clearline and their customers. |
| Bob Holshouser | Cooper B-Line, Inc.<br>509 W. Monroe St.<br>Highland, Illinois 62249<br>(618) 654-2184<br>(800) 851-7415 | May have knowledge of communication between Clearline and Cooper. |
| Clyde Collins | Agents West<br>6 Hughes #210<br>Irvine, California 92618<br>(949) 614-0300 | May have knowledge of communication between Cooper or Clearline and their customers. |

### E. DESCRIPTION OF ALL DOCUMENTS

Plaintiff Clearline at 1149 St. Matthews Avenue, Winnipeg, Canada MB R3G-0J8, has the following documents, electronically stored information, and/or tangible items within its possession, custody, or control, some or all of which it may use to support its claims or defenses:

communications between Clearline and Cooper;

communications or documents within Clearline relating to Cooper;

communications between Clearline and its suppliers or customers relating to C-PORT® products, DURA-BLOK™ products, or Cooper;

documents relating to Clearline's relationship with Cooper;

documents relating to Clearline's relationship with its suppliers or customers;

documents relating to Clearline's sales, sales forecasting, revenue, and costs;

exemplars of C-PORT® products or DURA-BLOK™ products; and

marketing materials related to C-PORT® products or DURA-BLOK™ products.

F.   **INDEMNITY AND INSURING AGREEMENTS**

Plaintiff is not aware of any indemnity or insuring agreements.

G.   **SETTLEMENT AGREEMENTS**

Plaintiff is not aware of any settlement agreements.

H.   **PARTY STATEMENT**

Plaintiff has not obtained any statements from other parties to this litigation.

By: /s/ Robert D. Katz
Robert D. Katz
*Attorney-in-Charge*
rkatz@pattonroberts.com
State Bar No. 24057936
Jon B. Hyland
(Admission Pending)
jhyland@pattonroberts.com
State Bar No.  24046131
PATTON ROBERTS, PLLC
901 Main St., Suite 3300
Dallas, Texas  75202
Telephone:  214-580-3825
Facsimile:  903-334-7007

Attorneys for Plaintiff
Clearline Technologies Ltd.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule LR5 on June 15, 2011.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ Robert D. Katz