IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC, and | § | |
| COOPER TECHNOLOGIES COMPANY, | § | |
| | § | |
| Defendants. | § | |

**COOPER TECHNOLOGIES COMPANY'S MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM
IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Cooper Technologies Company ("Cooper Technologies") files this motion to dismiss Plaintiff's first amended complaint against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

### I.   NATURE AND STAGE OF THE PROCEEDING

1.   This is an alleged trademark and trade dress infringement case in which Plaintiff purports to assert claims under federal and state law.  Plaintiff filed its original complaint on April 13, 2011.  Document #1.  Cooper Technologies, one of three defendants, timely moved to dismiss for failure to state a claim on May 19, 2011.  Document #9.  On July 11, 2011, the Court granted leave for Plaintiff to file its first amended complaint, Document #17.  On July 13, 2011, the Court denied Cooper Technologies' initial motion to dismiss as moot in light of the amended complaint.  Document #21.  Cooper Technologies now moves to dismiss Plaintiff's first amended complaint for failure to state a claim upon which relief can be granted.

## II.     MATTERS AT ISSUE; STANDARD OF REVIEW

2.     The issue to be determined by the Court is whether Plaintiff's complaint states a valid claim against Cooper Technologies under the pleading standards set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* ––U.S. ––––, 129 S.Ct. 1937 (2009).  The standard of review for a motion to dismiss for failure to state a claim is *de novo*.  *In re Southern Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008).

## III.     PLAINTIFF'S ALLEGATIONS AGAINST COOPER TECHNOLOGIES

3.     In its amended complaint, Plaintiff alleges that it manufactures and sells roof top support products, that its "C-PORT" trademark is registered with the United States Patent and Trademark Office, and that it has acquired trademark rights in the trade dress of its allegedly distinctive roof top support products.  Amended Complaint, Document #17, ¶¶ 10-12.

4.     Plaintiff alleges that, sometime after 2003, it entered into a "verbal agreement" with Defendant Cooper B-Line, Inc. ("Cooper B-Line") for the distribution of its roof top support products in the United States.  Amended Complaint ¶ 9.  It alleges that, in April 2008, Cooper B-Line notified Plaintiff that it would no longer distribute Plaintiff's products in the United States.  Amended Complaint ¶ 14.  Plaintiff alleges that, in or about July 2008, it became aware that "Defendants" were selling confusingly similar roof top support products under the name DURA-BLOK™.  Amended Complaint ¶ 15.

5.      Plaintiff makes some sporadic and conclusory references to "Defendants" in its complaint.  Plaintiff's only factual allegations about Cooper Technologies, however, are:

> Cooper Technologies filed the application to register the DURA-BLOK™ on December 15, 2008, and the mark was registered on the USPTO's principal register on September 14, 2010.  Amended Complaint ¶ 16.

> Cooper Industries indirectly owns both Cooper B-Line and Cooper Technologies.  Amended Complaint ¶ 19.

> [A]t least one individual is an officer and board member of both [Cooper B-Line and Cooper Technologies].  Amended Complaint ¶ 19.

6.      Based on these sparse factual allegations, Plaintiff makes the following conclusory allegations:

> [A] partnership exists among the Defendants.  Amended Complaint ¶ 19.

> [C]ommon elements of control exist between Cooper B-Line and Cooper Technologies.  Amended Complaint ¶ 19.

> Cooper Technologies had a duty to supervise the use of the DURA-BLOK™ mark.  Amended Complaint ¶ 19.

> Cooper Technologies knew or should have known that Cooper B-Line was obligated to respect Clearline's intellectual property rights.  Amended Complaint ¶ 19.

> Upon information and belief, Defendants Cooper Industries, Cooper Technologies, and Cooper B-Line exercise joint control over the use of the DURA-BLOK™ mark.  Amended Complaint ¶ 21.

Plaintiff then purports to assert claims against Cooper Technologies, collectively with "Defendants," for (i) false designation of origin or sponsorship, false advertising, and trade dress infringement under 15 USC § 1125(a); Amended Complaint, Count 1; (ii) common law trade dress infringement; Amended Complaint, Count 2; (iii) violations of the Illinois Deceptive Trade Practices Act; Amended Complaint, Count 3; (iv)

3

misappropriation of trade secrets; Amended Complaint, Count 6; and (v) intentional interference with prospective economic advantage, Amended Complaint, Count 8.

## IV. ARGUMENT AND AUTHORITIES

**A Plaintiff Must Plead Facts, Not Conclusions, Showing That It Is Entitled To Relief From Each Defendant.**

7. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ––U.S. ––, 129 S. Ct. 1937, 1949 (2009). "[I]t asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557).

8. "[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a plaintiff must do more than plead the bare elements of its cause of action. *Id.* A "complaint must allege 'more than labels and conclusions,' " and " 'a formulaic recitation of the elements of a cause of action will not do' " *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir.2007) (quoting *Twombly,* 550 U.S. 544); *see also Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

4

factual enhancement.' " *Iqbal,* 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly,* 550 U.S. at 557). Instead, a complaint must include "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (footnote omitted) (quoting *Twombly,* 550 U.S. at 555); *see also In re S. Scrap Material Co.,* 541 F.3d 584, 587 (5th Cir.2008) (quoting *Twombly,* 550 U.S. at 555), *cert. denied,* ––– U.S. –––, 129 S.Ct. 1669 (2009).

9. "[A] complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts." *Bonner v. Specialized Loan Servicing LLC*, 2011 WL 1199998 *2 (D. Nev. 2011). A plaintiff cannot collectively group a defendant along with other defendants in allegations that amount to no more than conclusions of law. *Watkins v. Kajima International Corp.*, 2011 WL 98592 *4 (M.D. Tenn. 2001). Instead, a plaintiff must allege some specific act or omission by a defendant that demonstrates a plausible claim or entitlement to relief from that defendant. *Id*.

**Plaintiff Has Not Alleged A Claim Against Cooper Technologies.**

10. Plaintiff alleges that Cooper Technologies is the registrant of the DURA-BLOK™ mark. Even if taken as true, however, nothing about this allegation makes Cooper Technologies liable for any of the causes of action that Plaintiff purports to assert against Cooper Technologies. Specifically, the fact that Cooper Technologies is the registrant of the DURA-BLOK™ mark does not show that Cooper Technologies made any false or misleading statement of fact about any products or that it has done anything to create any likelihood of confusion as required for Plaintiff's claims under 15 U.S.C. 1125(a), claims for common law trade dress infringement, and claims under the Illinois deceptive trade practices act. *See Farouk Systems, Inc. v. Costco Wholesale Corp.*, 700

5

F.Supp.2d 780 (S.D. Tex. 2010)(elements of claim under 15 U.S.C. § 1125(a)); 850 ILCS 510/2). Similarly, it does not show that Cooper Technologies misappropriated or used any of Plaintiff's alleged trade secrets or interfered with any of Plaintiff's prospective economic relations.

11. Obviously aware that Cooper Technologies' status as registrant of the DURA-BLOK™ mark is insufficient to support any claim, Plaintiff amended its complaint in an effort to assert some type of contributory or vicarious liability against Cooper Technologies for alleged trademark violations by Cooper B-Line, Inc. Plaintiff, however, has not alleged any facts that would support a claim for contributory or vicarious trademark liability against Cooper Technologies. The only factual allegations that Plaintiff makes in this respect are that Cooper Technologies and Cooper B-Line are indirectly owned by Cooper Industries plc and that they have one common officer and director.

12. Traditionally, contributory infringement arises only when a manufacturer or distributor intentionally induces another to infringe a trademark, or continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement. *Inwood Labs., Inc. v. Ives Labs.*, Inc., 456 U.S. 844, 855 (1982). When the defendant supplies a service instead of a product, contributory infringement requires proof that the defendant had direct control and monitoring of the instrumentality used by the third-party to infringe the plaintiff's mark. *Lockheed Martin Corp. v. Network Solutions*, Inc., 194 F.3d 980, 984 (9th Cir. 1999).

13. The alleged facts of indirect common ownership and one common officer and director do not show that Cooper Technologies intentionally induced another to

infringe Plaintiff's mark, that Cooper Technologies has supplied a product to one whom it knows or has reason to know is engaging in trademark infringement, or that Cooper Technologies has direct control and monitoring of the instrumentality – the roof top support products – that Cooper B-Line is allegedly using to infringe Plaintiff's mark.[1] Accordingly, based on the factual allegations of its complaint, Plaintiff has failed to state a claim against Cooper Technologies upon which relief can be granted.

14. A defendant may be vicariously liable for trademark infringement if the defendant and the infringer: (1) have an apparent or actual partnership; (2) have authority to bind one another in transactions with third-parties; or (3) exercise joint ownership or control over the infringing product. *Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992). Although Plaintiff makes certain conclusory allegations, Plaintiff has not alleged any *facts* that would support a claim for vicarious liability. Particularly, the alleged facts of indirect common ownership and one common officer and director do not show that Cooper Technologies has an apparent or actual partnership with any other defendant, that Cooper Technologies and the other defendants have authority to bind one another in transactions with third-parties, or that Cooper Technologies and the other defendants exercise joint ownership or control over the allegedly infringing rooftop support products. Facts such as these are insufficient to state any claim for secondary trademark liability. *Coach, Inc. v. Asia Pacific Trading Co.*, 676 F.Supp.2d 914 (C.D. Cal. 2009) (shared office, common ownership, and shared

---

[1] Plaintiff does not contend that Cooper Technologies' DURA-BLOK™ mark infringes Plaintiff's mark, but, rather, that the trade dress of Cooper B-Line's roof top support products infringes its mark. Thus, Cooper Technologies' monitoring and control of its mark does not make it liable for Cooper B-Line's alleged infringement of Plaintiff's trade dress. *See Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F.Supp.2d 678, 689 (D. Md. 2001); *Nomination di Antonio e Paolo Gensini SNC v. H.E.R. Accessories Ltd.*, 2010 WL 4968072 *4 (S.D.N.Y. 2010).

tax identification number are insufficient facts upon which to impose secondary liability for trademark infringement); *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1086 (9th Cir. 2005) (more than the existence of a corporate relationship is required). Plaintiff has failed to state any claim against Cooper Technologies for vicarious trademark infringement liability.

15. Plaintiff makes the conclusory allegation in its amended complaint that Cooper Technologies had a duty to supervise the use of the DURA-BLOK™ mark. This is a bald legal conclusion, and Plaintiff has not alleged any facts showing the existence of any such duty or how the existence of any such duty makes Cooper Technologies liable to it. In its prior briefing on Cooper Technologies' initial motion to dismiss, however, Plaintiff relied on the "naked licensing" doctrine in an effort to impose some duty on Cooper Technologies. The very case upon which Plaintiff relied, however, *Bridal v. Ghusein*, 693 F.3d 788 (3rd Cir. 2011), shows that the naked licensing doctrine has no application to this case. Instead, the naked licensing doctrine is an abandonment theory that can be used as a defense in a claim between a licensor and licensee. *Id*. It does not create any duty between a licensor and any third-party. Instead, "a licensor of a mark does not ordinarily have a duty to prevent a licensee's misuse of another party's mark." *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F.Supp.2d 678, 689 (D. Md. 2001).

16. Plaintiff also makes the conclusory allegation in its amended complaint that "Cooper Technologies knew or should have known that Cooper B-Line was obligated to respect Clearline's intellectual property rights." Amended Complaint ¶ 19. This allegation, however, is insufficient as a basis for imposing secondary liability on

Cooper Technologies. Particularly, Plaintiff must allege facts showing that the DURA-BLOK™ mark – as opposed to the products themselves – was being used to infringe Plaintiff's mark, and that Cooper Technologies was aware of specific instances of actual infringement by Cooper B-Line yet continued to permit Cooper B-Line to use the DURA-BLOK™ mark to infringe Plaintiff's mark. *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 107-09 (2nd Cir. 2010). Plaintiff has failed to allege facts satisfying these requirements.

17.  *Twombly* and *Iqbal* are clear that a plaintiff must allege facts in its complaint that demonstrate an entitlement to relief from the defendant. Plaintiff has failed to allege any *fact* that would entitle it to relief on any cause of action alleged by it against Cooper Technologies. Indeed, the only facts alleged as to Cooper Technologies - that it is the registrant of a trademark, that it is indirectly owned by the same company as another defendant, and that it has one common officer and director with another defendant – are just as consistent with its non-liability for the claims asserted as with its liability. Aside from these insufficient factual allegations, Plaintiff has done nothing more than group Cooper Technologies with "Defendants" generally and allege in a conclusory fashion the elements of its various causes of action. As such, Plaintiff has failed to satisfy the *Twombly* and *Iqbal* pleadings standards and failed to state a claim against Cooper Technologies upon which relief can be granted.

## V.   CONCLUSION

18.  Defendant Cooper Technologies respectfully requests that the Court grant its motion to dismiss for failure to state a claim, dismiss all claims against it, dismiss it

9

from this lawsuit, and grant all other additional or alternative relief to which it may be entitled.

        Respectfully submitted,

        /s/
Robin L. Harrison
Attorney-in-Charge
State Bar No. 09120700
Southern District No. 4556
John L. Dagley
State Bar No. 05310050
Southern District No. 12729
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX  77010
(713) 752-2332
(713) 752-2330 (fax)

ATTORNEYS FOR DEFENDANT
COOPER TECHNOLOGIES COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept the notice as service of this document by electronic means.

        /s/
John L. Dagley