IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CLEARLINE TECHNOLOGIES LTD. § | |
| § | |
| Plaintiff, § | |
| § | No. 4:11-cv-1420 |
| v. § | |
| § | JURY DEMANDED |
| COOPER B-LINE, INC. § | |
| COOPER INDUSTRIES PLC, and § | |
| COOPER TECHNOLOGIES § | |
| COMPANY, § | |
| Defendants. § | |

**COOPER B-LINE INC.'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
IN PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Cooper B-Line, Inc. ("Cooper B-Line") files this motion to dismiss certain counts of Plaintiff's first amended complaint against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

### I.   NATURE AND STAGE OF THE PROCEEDING

1.   This is an alleged trademark and trade dress infringement case in which Plaintiff purports to assert claims under federal and state law.  Plaintiff filed its original complaint on April 13, 2011.  Document #1.  On July 11, 2011, the Court granted leave for Plaintiff to file its first amended complaint.  Document #17.   Cooper B-Line now moves to dismiss certain counts in Plaintiff's first amended complaint for failure to state a claim upon which relief can be granted.

### II.   MATTERS AT ISSUE; STANDARD OF REVIEW

2.   The issue to be determined by the Court is whether Plaintiff's complaint states valid claims against Cooper B-Line under the pleading standards set forth by the

Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* ––U.S. ––––, 129 S.Ct. 1937 (2009). The standard of review for a motion to dismiss for failure to state a claim is *de novo*. *In re Southern Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008).

### III.   ARGUMENT AND AUTHORITIES

**A Plaintiff Must Plead Facts, Not Conclusions, Showing That It Is Entitled To Relief From Each Defendant.**

3.   Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* ––U.S. ––––, 129 S. Ct. 1937, 1949 (2009). "[I]t asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly,* 550 U.S. at 557).

4.   "[T]he pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a plaintiff must do more than plead the bare elements of its cause of action. *Id*. A "complaint must allege 'more than labels and conclusions,' " and " 'a formulaic recitation of the elements of a cause of action will not do' " *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir.2007) (quoting

2

*Twombly,* 550 U.S. 544); *see also Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly,* 550 U.S. at 557). Instead, a complaint must include "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (footnote omitted) (quoting *Twombly,* 550 U.S. at 555); *see also In re S. Scrap Material Co.,* 541 F.3d 584, 587 (5th Cir.2008) (quoting *Twombly,* 550 U.S. at 555), *cert. denied,* ––– U.S. –––, 129 S.Ct. 1669 (2009).

5. "[A] complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts." *Bonner v. Specialized Loan Servicing LLC*, 2011 WL 1199998 *2 (D. Nev. 2011). A plaintiff cannot collectively group a defendant along with other defendants in allegations that amount to no more than conclusions of law. *Watkins v. Kajima International Corp.*, 2011 WL 98592 *4 (M.D. Tenn. 2001). Instead, a plaintiff must allege some specific act or omission by a defendant that demonstrates a plausible claim or entitlement to relief from that defendant. *Id*.

**Plaintiff Has Failed To State A False Advertising Claim Under The Lanham Act, 15 U.S.C. § 1125(a)(1)(B).**

6. In ¶ 26 of its amended complaint, Plaintiff makes the conclusory allegation that: "Defendants, in commercial advertising or promotion, misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' goods, services or commercial activities." Because it tracks the statutory language, this appears to be Plaintiff's effort to assert a false advertising claim under the Lanham Act, 15 U.S.C § 1125(a)(1)(B).

7. The elements of a false advertising claim under the Lanham Act, 15 U.S.C

§ 1125(a)(1)(B), are: (1) that the defendant made a false statement of fact about a product in a commercial advertisement; (2) that the statement actually deceived or had a tendency to deceive a substantial segment of its audience; (3) the deception is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result. *Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001). In order for representations to constitute "commercial advertising or promotion" under § 1125(a)(1)(B), they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry. *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996)

       8.     Plaintiff has not alleged any facts showing any of the elements of a false advertising claim under the Lanham Act. Particularly, but without limitation, Plaintiff has failed to allege any fact showing that any Defendant made any false statement of fact about any product. Instead, Plaintiff's false advertising allegations are entirely conclusory. Furthermore, Plaintiff's false advertising claim is subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F.Supp.2d 704, 709 (N.D. Ill. 2006); *Architectural Mailboxes, LLC v. Epoch Design, LLC*, 2011 WL 1630809 *5 (S.D. Cal. 2011). Accordingly, Plaintiff was required to plead facts alleging what false statements were made, who made the false statements, when the false statements were made, where the false statements were made, and how the statements were false or misleading. *Architectural Mailboxes*, 2011 WL

1630809 at *5; *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 1986) (identifying requirements of Rule 9(b)).  Plaintiff's false advertising claim fails under the requirements of *Twombly* and Fed. R. Civ. P. 9(b), and the Court should dismiss it.

### Plaintiff Has Failed To State A Commercial Disparagement Claim Under The Illinois DTPA, 814 ILCS 510/2(a)(8).

9.  In the third sentence of ¶ 33 of its amended complaint, Plaintiff makes the conclusory allegation that: "Defendants' conduct disparages the services of and the business of Clearline by false and misleading representation of fact through its pervasive conduct directed at an attempt to destroy Clearline's goodwill."  This conclusory allegation tracks the statutory language of 815 ILCS 510/2(a)(8), which is a claim for commercial disparagement.  *Bonaventura*, 458 F.Supp.2d at 710.  To state a commercial disparagement claim, Plaintiff must allege facts showing that Defendants made statements that disparaged the quality of Plaintiff's goods or services.  *Bonaventura*, 458 F.Supp.2d at 710.  Plaintiff has not alleged any facts showing that any of the Defendants made any statements that disparaged Plaintiff's goods or services, and, accordingly, Plaintiff has failed to state a commercial disparagement claim under the Illinois DTPA.  *Bonaventura*, 458 F.Supp.2d at 710.

### Plaintiff Has Failed To State A Fraud Claim Under Illinois Law.[1]

10.  In Count 5, ¶¶ 41-46 of its amended complaint, Plaintiff purports to assert a fraud claim against Cooper B-Line.  Under Illinois law, "to establish fraud the plaintiff must prove that the defendants misrepresented an existing or past fact; a promise to do something in the future is insufficient to establish fraud."  *Sorkin v. Blackman, Kallick &*

---

[1] Plaintiff's amended complaint purports to assert various state law claims under Illinois law.

*Co.*, 540 N.E.2d 999, 1003 (Ill. App. 1st Dist. 1989) (court properly dismissed fraud claim based on accounting firm's alleged promise to make employee an equity partner); *see also Association Benefit Svcs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 853 (7th Cir. 2007). *Napcor Corp. v. JP Morgan Chase Bank, N.A.*, 938 N.E.2d 1181, 1188 (Ill. App. 2nd Dist. 2010) (the misrepresentation must involve a fact).

11. As the basis for its fraud claim, Plaintiff alleges that: "On or about July 2007, Dave Rice and Chris Peeler of Cooper B-Line represented to Neil Krovats of Clearline that Cooper B-Line *wished* to enter into a contract to distribute 700,000 units of C-PORT® products over the next year, but that Clearline would need to increase its capacity in order for that to occur." Amended Complaint ¶ 42. Even if Cooper B-Line made such a representation, it is not an actionable representation under Illinois law because it is not a representation of an existing or past fact. Indeed, it does not even rise to the level of a promise by Cooper B-Line to do something in the future. Rather, at best, it is nothing more than a statement of desire conditioned on the occurrence of some future event. Plaintiff has not alleged any facts showing that Cooper B-Line made any representation of an existing or past fact.

12. In addition, as part of its fraud claim, a plaintiff must allege sufficient facts to show that its reliance on the alleged misrepresentation was justified. *Johnson v. Waterfront Svcs. Co.*, 909 N.E.2d 342, 350 (Ill. App. 1st Dist. 2009); *Benson v. Stafford*, 941 N.E.2d 902, 921 (Ill. App. 1st Dist. 2010). Although Plaintiff alleges that it relied on the alleged misrepresentation, it has not alleged any facts showing that its reliance was justified.

13.     Plaintiff has also failed to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) with respect to its fraud claim.  Plaintiff makes the conclusory allegations that: "Cooper B-Line had no intention of continuing to distribute the C-PORT® products" and that "[u]pon information and belief, Cooper B-Line knew its representations were false and made its representations with the intent that Clearline rely and act on them."  Amended Complaint ¶¶ 44-45.  These conclusory allegations of fraudulent intent are insufficient.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 1986); *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502 *2, 5 (N.D. Tex. 2008) (dismissing claim with similar scienter allegations).  Instead, Plaintiff must allege facts that reasonably indicate intent or motive to commit fraud.  *Tuchman v. OSC Communications Corp.*, 14 F.3d 1061, 1068  (5th Cir. 1994); *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502 *2 (N.D. Tex. 2008); *Ryan v. Brookdale International Systems, Inc.*, 2008 WL 2405970 *4 (S.D. Tex. 2008).  Particularly, when a corporation is alleged to have committed fraud, the plaintiff must allege facts showing the state of mind of the individual who made the allegedly fraudulent statement.  *7-Eleven*, 2008 WL 4951502 at *2, citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 366 (5th Cir. 2004).

14.     Even when fraud is pled on information and belief, as in this case, the complaint must set forth some factual basis for the belief and allege why the plaintiff did not have access to the facts relating to the fraud.  *7-Eleven*, 2008 WL 4951502 at *2, 6 (dismissing claims pled "on information and belief").  "Information and belief" pleading is not a license for a plaintiff to base fraud claims on speculation and conclusory statements.  *Tuchman v. OSC Communications Corp.*, 14 F.3d 1061, 1068  (5th Cir.

1994); *Ryan v. Brookdale International Systems, Inc.*, 2008 WL 2405970 *3 (S.D. Tex. 2008). Plaintiff has failed to allege any factual basis for the belief upon which its "information and belief" pleading is based.

15. Plaintiff has failed to allege facts sufficient to show an actionable misrepresentation, justifiable reliance, scienter by Cooper B-Line, or a basis for its belief upon which its fraud allegations are based. Accordingly, Plaintiff has failed to state a fraud claim upon which relief can be granted.

### Plaintiff Has Failed To State A Claim For Misappropriation Of Trade Secrets.

16. Plaintiff's misappropriation of trade secrets claim under the Illinois Trade Secret Act is found in Count 6, ¶¶ 47-54 of its amended complaint. Under the Illinois Trade Secret Act, "[a] trade secret is: (1) information that is 'sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use' and (2) 'the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.' *See* 765 ILCS 1065/2(d), and (2). 'Misappropriation' involves the improper acquisition of a trade secret without consent. 765 ILCS 1065/2(b)." *Dynamic Fluid Control (Pty) Ltd. v. International Valve Manufacturing, LLC*, _____ F.Supp.2d _____, 2011 WL 1838872 *8 (N.D. Ill. 2011).

17. In its misappropriation of trade secrets claim, Plaintiff makes the following conclusory allegation: "On information and belief, Cooper B-Line has used Clearline's trade secrets, including but not limited to technical and financial information, to create said products to compete with Clearline's C-Port products." Amended Complaint ¶ 49. Plaintiff has failed to allege facts showing that it has any trade secrets.

Its passing reference to "including but not limited to technical information and financial information" is insufficient. Specifically, Plaintiff has not alleged any facts providing sufficient context to what it means by "technical and financial information." *See Bayco Products, Inc. v. Lynch*, 2011 WL 1602571 *3-4 (N.D. Tex. 2011) (complaint was sufficient because plaintiff pled factual allegations providing sufficient context to what it meant by "know-how"); *Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, __ F.Supp.2d ___, 2011 WL 649350 *14 (S.D. Tex. 2011) (*Twombly* requires a plaintiff to allege facts identifying the specific trade secret it claims to have been stolen).

18.     Plaintiff has also failed to allege any facts showing that Cooper B-Line "used" Plaintiff's trade secrets to create its DURA-BLOK™ products. Its conclusory allegation that: "Cooper B-Line has used Clearline's trade secrets, including but not limited to technical and financial information, to create said products to compete with Clearline's C-Port products," is insufficient. *Bayco*, 2011 WL 1602571 at *5. Instead, Plaintiff must plead *factual allegations* sufficient to permit the Court to draw the inference that Cooper B-Line actually used Plaintiff's trade secret to create the allegedly competing products. *Bayco*, 2011 WL 1602571 at *5. The allegation that Cooper B-Line created and is selling products similar to Plaintiff's products does not plead a plausible claim that Cooper B-Line used Plaintiff's alleged trade secrets to do so. *Bayco*, 2011 WL 1602571 at *5. At best, Plaintiff has only alleged that Cooper B-Line copied the outwardly visible features of Plaintiff's products; the Court, however, cannot draw an inference from the similarity of the products alone that Cooper B-Line used Plaintiff's alleged trade secrets to create its DURA-BLOK™ products. *Bayco*, 2011 WL 1602571 at *5.

19. Plaintiff has not alleged facts showing that it has any trade secrets or that Cooper B-Line used any of Plaintiff's trade secrets to create its DURA-BLOK™ products. Accordingly, Plaintiff has failed to state a claim for misappropriation of trade secrets.

**Plaintiff Has Failed To State A Claim For Breach Of Contract.**

20. Plaintiff alleges a breach of contract claim against Cooper B-Line based on a Proprietary Information Agreement between Plaintiff and Cooper B-Line. Amended Complaint ¶¶ 55-62. Plaintiff makes the conclusory allegation that: "On information and belief, Cooper B-Line utilized Clearline's proprietary information, including but not limited to technical information and financial information, to create said products to compete with Clearline's C-Port products, in violation of the Agreement." Amended Complaint ¶ 60. Plaintiff's breach of contract claim fails for the same reason that its misappropriation of trade secrets claim fails. *Bayco*, 2011 WL 1602571 at *6. Specifically, Plaintiff has failed to plead any factual allegations that plausibly suggest that Cooper B-Line used Plaintiff's proprietary information to create its DURA-BLOK™ products. *Bayco*, 2011 WL 1602571 at *6. Again, the Court cannot infer from the similarity of the products alone that Cooper B-Line must have breached the Proprietary Information agreement, especially since all of the features that Plaintiff alleges to be similar would be visibly apparent to anyone who sees or buys the product through normal market channels. *Bayco*, 2011 WL 1602571 at *6.

**Plaintiff Has Failed To State A Claim For Intentional Interference With Prospective Economic Advantage.**

21. In Count 8, ¶¶ 63-72 of its amended complaint, Plaintiff alleges that Defendants intentionally interfered with Plaintiff's prospective economic advantage

under Illinois law. The elements of tortious interference with prospective economic advantage under Illinois law are: (1) the plaintiff's reasonable expectation of a future business relationship; (2) the defendant's knowledge of that expectation; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectations from ripening; and (4) damages. *Ali v. Shaw*, 481 F.3d 942, 944 (7th Cir. 2007). "A plaintiff states a cause of action only if he alleges a business expectancy with a specific third party as well as action by the defendant directed towards that third party." *Assoc. Underwriters of Am. Agency, Inc. v. McCarthy,* 826 N.E.2d 1160, 1169 (Ill. App. 1st Dist. 2005); *see also Schuler v. Abbott Laboratories*, 639 N.E.2d 144, 147-48 (Ill. App. 1st Dist. 1993).

22. Plaintiff alleges that it held an expectancy that a business relationship between it and the end users of its products – which consisted of Plaintiff providing warranty and technical support to those end users – would continue. Amended Complaint ¶¶ 68-69. Plaintiff has failed to plead any facts showing that anything that any of the Defendants did interfered with its ability to provide warranty and technical support to the end users of its products. Furthermore, Plaintiff has failed to allege any facts showing any actions by any of the Defendants directed toward those end users. Rather, the actions about which Plaintiff complains - alleged breach of contract, fraud, misappropriation of trade secrets, and trade dress infringement – are the actions that Plaintiff alleges were directed by Defendants toward it, not toward the end users of its products. Accordingly, Plaintiff has failed to state a claim for intentional interference with prospective economic advantage.

23. Finally, to the extent Plaintiff's interference with prospective economic advantage claim is based on an alleged misappropriation of trade secrets, it is preempted

11

by the Illinois Trade Secret Act.  *Ola, Inc. v. Builder Homesite*, Inc., 661 F.Supp.2d 668, 674 (E.D. Tex. 2009).  Furthermore, to the extent Plaintiff's interference with prospective economic advantage claim is based on any alleged breach of contract, fraud, or misappropriation of trade secrets, it fails because Plaintiff has failed to state a claim for breach of contract, fraud, or misappropriation of trade secrets for the reasons stated previously.

## IV. CONCLUSION

24. Defendant Cooper B-Line requests that the Court grant its motion to dismiss for failure to state a claim upon which relief can be granted, that it dismiss Plaintiff's Lanham Act false advertising claim, Plaintiff's Illinois DTPA commercial disparagement claim, Plaintiff's fraud claim, Plaintiff's misappropriation of trade secrets claim under the Illinois Trade Secret Act, Plaintiff's breach of contract claim, and Plaintiff's intentional interference with prospective economic advantage claim., and that it grant Defendant Cooper B-Line all relief to which it is entitled.

Respectfully submitted,

/s/
Robin L. Harrison
Attorney-in-Charge
State Bar No. 09120700
Southern District No. 4556
John L. Dagley
State Bar No. 05310050
Southern District No. 12729
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX  77010
(713) 752-2332
(713) 752-2330 (fax)

ATTORNEYS FOR DEFENDANT
COOPER B-LINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept the notice as service of this document by electronic means.

/s/
John L. Dagley