IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:11-cv-1420 |
| v. | § | |
| | § | JURY DEMANDED |
| COOPER B-LINE, INC. | § | |
| COOPER INDUSTRIES PLC, and | § | |
| COOPER TECHNOLOGIES | § | |
| COMPANY, | § | |
| Defendants. | § | |

**DEFENDANT COOPER B-LINE, INC'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Cooper B-Line, Inc. files this answer to Plaintiff's first amended complaint and asserts matters in avoidance and defense as follows:

**I.  ANSWER AND SPECIFIC DENIALS**

Defendant denies all allegations in Plaintiff's amended complaint unless otherwise explicitly admitted as follows with respect to the like-numbered paragraphs in the complaint.

1.      Defendant admits that Plaintiff is a Canadian company.  Defendant lacks sufficient information to admit or deny the other allegations in Paragraph 1.

2.      Defendant admits the allegations in Paragraph 2.

3.      Defendant admits the allegations in the first sentence of Paragraph 3.

4.      Defendant admits that Cooper Industries plc is incorporated under the laws of Ireland but denies the other allegations in the first sentence of Paragraph 4.  Defendant admits the allegations in the second sentence of Paragraph 4.

5.      Defendant denies the allegations in Paragraph 5.

6.      Defendant admits that Plaintiff alleges claims under the trademark laws of the United States.  Defendant admits that the Court has subject matter jurisdiction and supplemental jurisdiction over the claims alleged by Plaintiff.  Defendant admits that there is diversity of citizenship between the parties.   Defendant lacks sufficient information to admit or deny whether the amount in controversy exceeds $75,000.

7.      Defendant admits the allegations in Paragraph 7 as to Defendant Cooper B-Line.  Defendant denies the remaining allegations in Paragraph 7.

8.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8.

9.      Defendant admits that Plaintiff entered into a proprietary information agreement with Cooper B-Line, but states that the agreement is the best evidence of the undertakings of the parties.   Defendant further admits that Clearline and B-Line had a verbal agreement that B-Line would be the exclusive distributor of Clearline C-Port products in the United States, but denies the allegations in the second sentence of Paragraph 9 to the extent they refer to any additional agreement on the part of B-Line.

10.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10.

11.      Defendant admits the allegations in the first sentence of Paragraph 11. Defendant lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 11.

12.      Defendant denies the allegations in Paragraph 12.

13.      Defendant denies the allegations in Paragraph 13.

14.     Defendant admits that Cooper B-Line discontinued its purchase of C-PORT® products.  Defendant denies the remaining allegations in Paragraph 14.

15.     Defendant admits that the photograph in Figure 1 appears to show DURA-BLOK™ and C-PORT® product exemplars.  Defendant admits that the Cooper B-Line DBP roof support has the specifications alleged and that the Cooper B-Line DBE products have the alleged product numbers.  Defendant otherwise denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in the first sentence of Paragraph 16. Defendant admits the allegations in the second sentence of Paragraph 16.

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant admits that Cooper Industries' website contains a link to the Cooper B-Line website advertising the Dura-Blok™ products.  Defendant otherwise denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant incorporates the responses to paragraphs 1-22 into Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant incorporates the responses to paragraphs 1-28  into Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant incorporates the responses to paragraphs 1-31 into Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant incorporates the responses to paragraphs 1-34 into Paragraph 35.

36.     Defendant admits the allegations in the first sentence of Paragraph 36. Defendant denies the allegations in the second sentence of Paragraph 36.  Defendant admits the allegations in the third sentence of Paragraph 36. Defendant denies the remaining allegations in Paragraph 36, except that it lacks sufficient information at the time of this answer to admit or deny whether it previously used the C-PORT® mark in meta tags associated with its website.

37.     Defendant denies the allegations in the first sentence of Paragraph 37. Defendant admits the allegations in the second sentence of Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

4

41.     Defendant incorporates the responses to paragraphs 1-40 into Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant denies the allegations in Paragraph 45.

46.     Defendant denies the allegations in Paragraph 46.

47.     Defendant incorporates the responses to paragraphs 1-46 into Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant incorporates the responses to paragraphs 1-54 into Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant admits the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant incorporates the responses to paragraphs 1-62 into Paragraph

63.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant denies that it has manufactured and sold virtually identical products.  Defendant lacks sufficient information to admit or deny the other allegations in Paragraph 68.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

Answering with respect to the prayer for relief, Defendant denies that Plaintiff is entitled to the relief requested in its prayer for relief following Paragraph 72.

## II.     MATTERS IN AVOIDANCE AND DEFENSE

A.     Plaintiff has failed to state a claim upon which relief can be granted.

B.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

C.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

D.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

E.      Plaintiff's claims are barred in whole or in part by the doctrines of equitable estoppels, acquiescence and abandonment.

F.      Plaintiff's claims are barred in whole or in part by the doctrine of descriptive fair use.

G.      Plaintiff's claims are barred in whole or in part by the doctrine of privilege and justification.

H.      Plaintiff's claims are barred in whole or in part by the terms of the contract between Plaintiff and Cooper B-Line.

I.      Plaintiff's claims are barred in whole or in part by the statute of frauds.

J.      Plaintiff's claims are barred in whole or in part because of the functionality of its alleged trade dress, the absence of any likelihood of confusion, and the lack of any distinctiveness.

K.      Plaintiff's claims of trade secret misappropriation are barred by the doctrine of prior disclosure.

L.      Plaintiff's claims are barred by the doctrines of anticipatory repudiation and prior breach.

M.      Plaintiff's claims are barred in whole or in part because it failed to satisfy the conditions precedent to establishing the existence of any proprietary information under the alleged Proprietary Information Agreement.

## III.    PRAYER

Defendant respectfully requests that the Court enter judgment that Plaintiff's claims are barred or that Plaintiff take nothing from its claims, that Defendant recover its

attorney's fees in defending against such claims, and that Defendant have all other relief

to which it is entitled.

Respectfully submitted,

/s/

Robin L. Harrison
Attorney-in-Charge
State Bar No. 09120700
Southern District No. 4556
John L. Dagley
State Bar No. 05310050
Southern District No. 12729
CAMPBELL HARRISON & DAGLEY L.L.P.
4000 Two Houston Center
909 Fannin Street
Houston, TX  77010
(713) 752-2332
(713) 752-2330 (fax)

ATTORNEYS FOR DEFENDANT
COOPER B-LINE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record, each of whom have consented in writing to accept the notice as service of this document by electronic means.

/s/

John L. Dagley