UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-1420 |
| | § | |
| COOPER B-LINE, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

The Court has reconsidered its previous inclination to stay decision of the pending supplemental and enhanced damages issues until after appeal in this case. The issues are fully briefed, but the Court requires an evidentiary hearing to determine the extent of the post-verdict infringement, the profits and other relevant amounts involved, and whether such infringement was willful. An evidentiary hearing is scheduled for Tuesday, March 18, 2014, at 2:00 p.m.

The Court is in receipt of Plaintiff Clearline Technologies Ltd.'s ("Clearline") Motion for Leave to File Supplemental Briefing Regarding Post-Verdict Damages and Prejudgment Interest. (Doc. No. 205.) The Court agrees with Defendant Cooper B-Line, Inc. ("Cooper") that, at least insofar as it seeks reconsideration of the Court's previous determination that it would award pre-judgment interest according to Cooper's proposed methodology, Clearline's Motion *is*, effectively, a motion for reconsideration, and the Court will treat it as such.

Though the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, they are generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). The order at

issue here is interlocutory, and motions for reconsideration of interlocutory orders are governed by Rule 59(e). *Thakkar v. Balasuriya*, No. H–09–0841, 2009 WL 2996727, at *1 (S.D. Tex. Sept. 9, 2009). A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Here, Clearline does not seek to present newly discovered evidence or legal authority that would disturb the Court's previous ruling. For those reasons, Clearline's Motion is **DENIED** insofar as it seeks to supply additional briefing regarding the calculation of pre-judgment interest. However, the Court will take up all questions relating to supplemental and enhanced damages at the March 18, 2014 hearing; insofar as Clearline's Motion seeks to supplement the record with respect to supplemental and enhanced damages, Clearline may do so at that hearing.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the tenth day of March, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE