UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLEARLINE TECHNOLOGIES LTD., | § | |
| | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-1420 |
| | § | |
| COOPER B-LINE, INC., *et al.*, | § | |
| | § | |
|   *Defendants*. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Cooper B-Line, Inc.'s ("Cooper") Renewed Motion for Judgment as a Matter of Law and Alter or Amend the Final Judgment. (Doc. No. 221; "Renewed JMOL Motion.") Having considered the parties' arguments, the record, and the applicable law, the Court **DENIES** Cooper's motion.

I.    **BACKGROUND**

This case involves claims of trade dress and trademark infringement. Plaintiff Clearline Technologies, Ltd. ("Clearline") contends that Cooper's DURA-BLOK™ rooftop support products infringe on its C-PORT® products. Jury trial began on October 1, 2012, and the jury returned its verdict on October 5, 2012. The jury returned a split verdict, finding willful trade dress infringement as to the products' yellow-and-black color scheme, but no trade dress infringement as to the reflective yellow striping. The jury also found trademark infringement in Cooper's use of the C-PORT® trademark in a tradeshow catalog, but not in its use of the C-PORT® trademark in meta-tags on Cooper's website. (Doc. No. 151.) It awarded Clearline $2,660,000 in lost profits and $3,200,000 in profit disgorgement damages for Cooper's trade dress infringement, and nothing for Cooper's trademark infringement. *Id.* at 6-7. The parties filed

1

a raft of post-trial motions, all of which the Court has resolved. (*See* Doc. Nos. 193, 215.) The Court entered final judgment, awarding Clearline $5,860,000.00 in accordance with the jury's verdict, and both pre- and postjudgment interest and costs of court. (Doc. No. 218.) The pending motion followed.

II. **LEGAL STANDARDS**

Clearline's motion is at once a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) ("Renewed JMOL"), and a motion to alter or amend the final judgment under Federal Rule of Civil Procedure 59(e).

A. **Renewed JMOL**

Under Federal Rule of Civil Procedure 50, a motion for judgment as a matter of law ("JMOL") may be granted if a trial court finds that a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "The decision to grant a directed verdict . . . is not a matter of discretion, but a conclusion of law based upon a finding that there is insufficient evidence to create a fact question for the jury." *Omnitech Int'l v. Clorox Co.*, 11 F.3d 1316, 1323 (5th Cir. 1994) (omitting internal citations and quotation). There is no legally sufficient evidentiary basis when "'the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.'" *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 401 (5th Cir. 2000) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc)).

In evaluating such a motion, the court is to view the entire trial record in the light most favorable to the non-movant and draw all inferences in its favor, without making credibility

determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Becker v. PaineWebber, Inc.*, 962 F.2d 524, 526 (5th Cir. 1992). The court must "give credence to . . . that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (quoting *Reeves*, 530 U.S. at 151). Finally, "there must be more than a mere scintilla of evidence in the record to render the grant of JMOL inappropriate." *Id.*

If a court denies a motion for JMOL following the close of evidence, the party may renew its motion following trial. Pursuant to Rule 50(b), a court may grant JMOL following a jury verdict on an issue, so long as the motion is filed within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 50(b). Such a renewed JMOL may be accompanied by a motion for a new trial under Rule 59. Fed. R. Civ. P. 50(b).

B. **Alter or Amend a Judgment**

Rule 59(e) allows a party to seek to "alter or amend a judgment," by a motion filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). A motion under Rule 59(e) must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable

discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an "extraordinary remedy" that courts should use "sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

### III. ANALYSIS

By this motion, Cooper seeks to challenge the jury's award of both Clearline's lost profits and disgorgement of Cooper's profits as constituting an impermissible double recovery. When Cooper raised this argument in its prior JMOL motion, this Court denied relief, stating:

> Here, the jury was properly instructed that it could not include in its award of Cooper's profits any amount already included in its calculation of Clearline's lost profits. Plaintiff's expert explained that his calculation method removed any duplicative damages, but took into account the extent to which Cooper was unjustly enriched by, for instance, purchasing materials from a cheaper supplier. (Trial Tr. 979:1–980:9.) Although Cooper put forward its own expert, who questioned the propriety of including both lost profits and profit disgorgement premised on the same sales (*see* Trial Tr. 1221:16–1223:5), the jury was entitled to credit the testimony of Plaintiff's expert. Cooper has not shown that the jury's award constitutes an impermissible double recovery for Clearline.

(Doc. No. 193 at 18.) As an initial matter, the Court notes that the record before it is no different than that which was before the Court when it resolved the previous JMOL, and neither party has presented newly decided legal authority.

In renewing its motion, Cooper argues vehemently against the propriety of a double recovery. The Court, however, does not take issue with that proposition; it, in fact, expressly instructed the jury *not* to craft an award constituting a double recovery. Cooper presses further, though, arguing that awarding damages based on both Clearline's lost profits and disgorgement of Cooper's profits *necessarily* results in double recovery and overcompensates. The Court disagrees, and it still does not believe that "Cooper has not shown that the jury's award constitutes an impermissible double recovery for Clearline." (Doc. No. 193 at 18.)

4

The Court sees nothing in Cooper's renewed argument that gives it pause or would lead it to retreat from or revise its previous decision. No matter how strenuously Cooper argues against double recovery or the methodologies of Clearline's damages expert, these facts regarding the trial remain:

1) Both Clearline and Cooper presented experts who discussed the proper calculation of any damages award, with Clearline's expert presenting figures based both on recovery of Clearline's lost profits and disgorgement of Cooper's profits, and Cooper's expert challenging – as Cooper does in this motion – a damages award including both lost profits and profit disgorgement where both figures are calculated using the same sales data. (Trial Tr. at 962-998; 1221:16-1223:5.)

2) The Court instructed the jury, in accordance with the Lanham Act, that it could compensate Clearline by awarding lost profits, profit disgorgement, or both, so long as it did "not include in the award of Cooper B-Line's profits any amount that you took into account in determining Clearline's lost profits," so as to avoid any question of double recovery.[1] (Trial Tr. at 1410:12-15.) The Court specifically instructed the jury that, "[a]n award of Cooper B-Line's profits, if any, is meant to be compensation and not a penalty." (*Id.* at 15-16.)

---

[1] Surprisingly, Cooper claims that this instruction could not have served to prevent the jury from making a double award, merely because the jury was asked to determine the lost profits and disgorged profits awards separately. (*See* Doc. No. 151.) Cooper seems to have forgotten, however, that the Court gave the instruction to the jury in both oral and written forms as a part of its charge *before* the jury entered its deliberations and *before* it answered any of the questions on the Verdict Form. Cooper provides no authority or evidence supporting its claim that the jury disregarded the Court's instruction. It claims that the issue of whether an award goes beyond compensation to become punitive is a question of law for a court to resolve. That may be. But, that is exactly what this Court has done; both in resolving this motion and in resolving Cooper's previous JMOL motion, the Court has now twice answered the question of whether the jury's damages award constitutes an impermissible double recovery in the negative.

    3) The jury returned a damages award composed of both Clearline's lost profits and disgorgement of Cooper's profits. (Doc. No. 151.) Neither the total award nor its individual parts equaled or surpassed the total or component figures urged by Clearline's damages expert. (*See id.*; Trial Tr. at 972:14-17, 975:1-977:12, 979:1-980:9.)

The jury heard and considered all the evidence presented by both parties. The jury made its findings regarding trade dress and trademark infringement and crafted a damages award incorporating both Clearline's lost profits and disgorgement of Cooper's profits. In so doing, "the jury was entitled to credit the testimony of Plaintiff's expert." (Doc. No. 193 at 18.) Cooper attacks that expert's assumptions, but Cooper did the same at trial, and, nevertheless, the jury evidently chose to credit the expert's testimony.

The Court recognizes that there is a danger that an award combining lost profits and disgorged profits could constitute a double recovery in certain circumstances, particularly when both are based on the same sales. For example, if the jury were to have awarded *all* of Clearline's lost profits and some portion of Cooper's profits (with both figures based on the same sales), then it is very likely that there would have been a double recovery. However, here, because both the jury's total award and its component parts were *less than* the corresponding figures offered by Clearline's expert, there is no basis for the Court to conclude that the jury's award *necessarily* amounts to a double recovery. The jury simply may have awarded lost profits for one period of time or portion of the sales, and disgorged profits for another, in its effort to compensate Clearline.

In such a situation, the lost profits and disgorged profits are not based on the same sales, and there is no double recovery. What Cooper misses is that, here at least, the proper benchmark for compensation is not lost profits, but infringing sales. The jury was free to compensate for

6

each infringing sale with either lost profits or disgorgement of profits, but not both. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 340 (5th Cir. 2008) ("This Court has held it appropriate to award profits of an infringer pursuant to § 1117(a) for various purposes: to compensate for diverted sales, to remedy unjust enrichment of the infringer, or to deter future infringement.") (citing *Maltina Corp. v. Cawy Bottling Co., Inc.*, 613 F.2d 582, 585 (5th Cir. 1980)).

Moreover, here, Clearline presented the jury with ample evidence to make such allocations in its damages award. Clearline presented the jury with charts from Dr. Lawrence Prescott, its damages expert, in which his calculations of both Clearline's lost profits and Cooper's profits were broken down year by year. (*See* Pl.'s Tr. Exs. 224, 225.) Using this data, the jury was able to craft an award containing both lost profits and disgorged profits without double counting either one. There are a number of ways Clearline's lost profits data from certain years and Cooper's profits data from other years could have been combined to reach the sums the jury awarded. The jury can credit the evidence as it believes it credible; the Court cannot say that it would be unreasonable for a jury award damages in this fashion.

As Cooper acknowledges, neither the parties nor the Court have any way of knowing how the jury made its award. (*See* Renewed JMOL Mot. at 4.) There were no jury questions asking the jury to explain how it crafted the award or that would otherwise shed light on the question of whether the award constitutes a double recovery. (*See* Doc. No. 151.) It is well settled that the jury is presumed to follow a court's instructions, and this Court has been presented with no reason to disturb that presumption. *Russell v. Plano Bank & Trust*, 130 F.3d 715, 721 (5th Cir. 1997). The jury was presented with sufficient evidence to reach the award that it did without creating a double recovery. Neither the Court nor the parties knows how the jury computed its

award, and without any reason to believe that it disregarded the Court's instructions, the Court must decline Cooper's invitation to disturb the jury's verdict.

IV. **CONCLUSION**

For the reasons stated above, this Court simply cannot say that "a reasonable jury would not have a legally sufficient evidentiary basis" to make this damages award. Fed. R. Civ. P. 50(a). Accordingly, the Court must **DENY** Cooper's Renewed JMOL. Further, because Cooper does not "clearly establish either a manifest error of law or fact" or "present newly discovered evidence" with its motion, the Court must also **DENY** Cooper's motion under Rule 59(e) to alter or amend the Final Judgment. *See Ross*, 426 F.3d at 763.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this, the nineteenth day of August, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE